YARRUT, Judge.
Plaintiff claims $50,000.00 from Defendant for slander in calling him a thief in the presence of two of his clients; and for telling them they were being represented by a thief (Plaintiff). Defendant pleaded the truth of his charges.
Both parties are real estate agents and had known each other for 25 years. Plaintiff was previously employed by Defendant’s firm, Batt & Miller, but left their employ and entered into a partnership with a Mr. Talluto, and then for himself upon dissolution of the latter partnership.
On Sunday afternoon, December 2, 1962, Defendant called at 956 Filmore Avenue, New Orleans, the home of a married couple (named Bostick), where Plaintiff had “Open Inspection” for prospective buyers, as agent of the owners. In connection with the “Open Inspection” Plaintiff had inserted in the ground pointed wooden signs bearing his name, leading prospective buyers to the Bostick residence.
In explaining what happened Plaintiff testified, inter alia:
“This Sunday, December 2nd, I was holding the house open for inspection at 956 Filmore Avenue which my clients had given me to sell for them. About quarter to five Mr. Batt came *137 to the door and rang the bell. When I walked out I extended my hand to shake hands with Mr. Batt as we have been friends for the past twenty-five years. So I thought he was coming to show the house or to look at the property, perhaps he might have had a sale for it. He says no, he did not. He says he came to get the stake and the sign that was out in front of the property of this house which he claimed to be his. He then called me a thief.
So Mr. Batt proceeded to go out and take the sign and continued to call me a thief. ■ He says that the stake and sign belonged to him and that he was going to take it. I told Mr. Batt that I would he very happy to give him his sign back provided he would give me my five dollars back which I had .given him for the sign. He proceeded to say that I had no receipt for the sign and stake and that he was going to take it. Anyhow, Mr. Batt proceeded to go out to the outside and walk over to the sign and I had asked Mr. Batt not to do this the way he was doing it ; that he could have taken me to the Real Estate Board and we could have ironed out our differences and he went on to proceed to say to me hell with me and the Real Estate Board and also that he was going to proceed to take the sign and stake. * * * In the meantime Mr. Bostick walks out to the door and he proceeded from the sidewalk to Holloe at Mr. Bostick that I was a thief and how could he let a thief represent him?”
When Defendant’s counsel asked Plaintiff why his name had been painted on the signs over the name of Batt & Miller, Plaintiff explained:
“This sign has been in my possession for the past several years from the Philip Treadaway office. It has been painted in to the Batt and Miller office when I had left Philip Treadaway. When I left the Batt and Miller office it was painted in the Sciortino and Talluto Real Estate. When Mr. Tal-luto and I went into business he went for himself and I went for myself. The sign was painted into my name.”
After the district court rendered judgment for Plaintiff in the amount of $300.00, Defendant’s counsel moved for a new trial for the stated purpose of getting expert testimony to prove Plaintiff’s name had been painted over other names. The district judge denied a new trial.
During the trial the arrow signs were offered in evidence by defendant. They had been in possession of Defendant and his counsel long before the trial; hence, Defendant was not taken by surprise. When asked during oral argument here why he did not procure this contemplated expert testimony for the trial, or ask for a continuance to procure it, counsel answered that: “I did not see how we could lose the case.”
Since the evidence Defendant would offer at a new trial was fully known to him before the first trial, the district judge properly refused to grant a new trial. There is no doubt that Defendant knew the sign had been painted over long before the trial, which Plaintiff fully explained, without any need for expert testimony to so prove. This evidence, with due diligence, could have been produced before or during the trial even if it were necessary. LSA-C.C.P. art. 1972(2).
Since Defendant called Plaintiff a thief in the presence of his clients and failed to prove the truth of such accusation as a special defense, the judgment of the district court in favor of Plaintiff is correct. Cavalier v. Original Club Forest, La.App., 59 So.2d 489; Fitzpatrick v. Zedaird Realty Co., 10 La.App. 306, 121 So. 680.
The judgment of the district court is affirmed, Defendant to pay costs in both courts.
Judgment affirmed.