189 So.2d 324 (1966)
Mrs. Sam T. GRIFFIN, Plaintiff and Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY, Defendant and Appellee.
No. 1773.
Court of Appeal of Louisiana, Third Circuit.
August 3, 1966.
*326 Maxwell J. Bordelon, Marksville, for plaintiff-appellant.
Gold, Hall & Skye, by John F. Simon, Alexandria, Durham & Lee, by James N. Lee, Bunkie, for defendant-appellee.
Before CULPEPPER, TATE and HOOD, JJ.
HOOD, Judge.
This is an action for damages arising out of a two-car motor vehicle collision. One of the automobiles was being driven by plaintiff, Mrs. Sam T. Griffin, and the other by Mrs. Raphael Ducote. The Ducote car was uninsured. This suit was instituted against plaintiff's own insurer, Aetna Casualty and Surety Company, under an uninsured motorist provision in that policy.
The defendant answered denying liability, and it filed a third party petition against Mr. and Mrs. Ducote, demanding judgment against them for any amount which Aetna may be condemned to pay plaintiff. Mr. and Mrs. Ducote filed answers to the third party petition, alleging as a defense that they had entered into a compromise agreement with Mrs. Griffin and her husband, and that plaintiff had formally released the third party defendants from any claims arising out of this accident. Defendant, Aetna, then filed a supplemental answer, denying liability on the additional ground that coverage is excluded under the terms of the policy because of the compromise agreement entered into between plaintiff and Mr. and Mrs. Ducote.
After trial, judgment was rendered by the trial court rejecting plaintiff's demands, and plaintiff has appealed.
The accident occurred on September 30, 1964. The evidence shows that while the two vehicles were approaching each other from opposite directions on a public highway, the automobile being driven by Mrs. Ducote turned suddenly to its left directly in front of the approaching Griffin car, and a collision occurred. The trial judge concluded that Mrs. Ducote's negligence was the sole and proximate cause of the accident, and we agree with that conclusion.
On April 17, 1965, which was several months after this accident occurred, Mr. and Mrs. Griffin executed a "release" relating to this accident. The major portion of this document reads as follows:
"RELEASE (Safety Responsibility Law)
THE UNDERSIGNED HEREBY CERTIFY THAT he/she is of the age of 21 years or over and that he/she has released Mr. & Mrs. RAPHAEL DUCOTE, 404 South Ash Street, Bunkie, Avoyelles Parish, Louisiana, from all claims and causes of action of the undersinged (sic) arising from the above described accident, and authorized the Department of Public Safety to accept this certification as satisfactory evidence of such release from Liability as required by the Safety Responsibility Law.
THIS RELEASE is not to be construed in any way, as a release of the Aetna Casualty Surety Company, the insurer for Public Liability of the Griffin Automobile. In other words, all rights are reserved by the insured, to proceed against Aetna Casualty & Surety Company under the UNINSURED MOTORIST ACT."
Simultaneously with the execution of this release, and as consideration therefor, Mr. and Mrs. Ducote paid to Mrs. Griffin and her husband the sum of $100.00. A check representing payment of a portion of that amount was endorsed and cashed by Mr. and Mrs. Griffin, and immediately above their endorsements on the back of the check is the following statement:
"Endorsement of this check constitutes a full receipt and final release of any and all claims of endorsers hereto arising out of the accident which happened *327 on 9/30/64 in Bunkie, Louisiana, between endorsers and Mrs. Raphael Ducote, Case K44162."
At the time this accident occurred, there was in effect a family automobile policy which had been issued by defendant, Aetna, to Mr. and Mrs. Griffin, covering the automobile which was being driven by plaintiff. Under the provisions of Part IV of this policy the insurer obligated itself to pay all sums which the insured shall be legally entitled to recover as damages from the operator of an uninsured automobile because of bodily injury caused by accident and arising out of the use of such uninsured automobile. With reference to this "uninsured motorist" coverage, however, and under the heading of "Exclusions," the policy further provides:
"This policy does not apply under Part IV: * * * (b) to bodily injury to an Insured with respect to which said Insured his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor; * * *." (Emphasis added.)
Mr. and Mrs. Ducote are persons "who may be legally liable" for damages for the bodily injuries allegedly sustained by the insured, so under the above quoted provision of the policy plaintiff cannot recover under the "uninsured motorist" provision if she made a "settlement" with the Ducotes without the written consent of Aetna. Plaintiff has not shown, and she does not contend, that she obtained the written consent of the insurer to enter into a settlement or compromise agreement with the third party defendants.
There are no allegations of fraud or mistake relating to the execution of this release in any of the pleadings which are in the record. At the trial, plaintiff offered oral testimony which shows that one of the principal reasons why the parties entered into this agreement and why the release was signed was to prevent the suspension of Mrs. Ducote's driver's license under the provisions of the Safety Responsibility Law (LSA-R.S. 32:872). Defendant objected to this oral testimony on the ground that it tended to contradict or vary the provisions of the written release. The trial judge felt that the evidence was inadmissible, but he permitted it to be introduced so that it would be available to the reviewing court. It is unnecessary for us to determine whether this evidence is or is not admissible, because we have concluded that under either ruling the outcome of the case would be the same.
Aetna denies liability on the ground that Part IV of the policy, which provides "uninsured motorist" coverage, is no longer applicable because of the fact that a settlement was entered into between the insured and Mr. and Mrs. Ducote without the written consent of the insurer.
Plaintiff contends that the release which she and her husband executed was not a "settlement" within the meaning of the above quoted provision of the policy, that it was merely a "Purported Release to conform with the provision of the Financial Responsibility Act, to keep Mrs. Raphael Ducote from losing her driver's license," and that the granting of such a release does not bar her from recovery from her insurer under the "uninsured motorist" provision of the policy, particularly since that right is specifically reserved to her in the release. The position which she takes, in effect, is that the release which was executed by her was a sham, that it was executed for the purpose of deceiving the Commissioner of Public Safety and thus forestalling the suspension of Mrs. Ducote's driver's license, and that she did not intend for it to be valid for any other purpose.
In our opinion, the agreement entered into between plaintiff and Mr. and Mrs. Ducote, and which culminated in the *328 execution of the release, was a "settlement" within the meaning of the above quoted provision of the policy which was issued by Aetna. We think the word, "settlement," as used in the policy, includes a "compromise," as defined in Article 3071 of the Revised Civil Code. Regardless of the motives which prompted the parties to enter into this compromise agreement, a substantial sum of money was paid by the Ducotes and was accepted by plaintiff as consideration for this release. The parties to that agreement clearly intended to prevent a lawsuit and to adjust their differences by mutual consent, and thus they entered into a "compromise," as provided in the above cited article of the Civil Code. We think plaintiff intended to release Mr. and Mrs. Ducote from any claims which she had or may have against the latter arising out of this accident, and we note that, consistent with that interpretation of the agreement, plaintiff has made no further demands against the third party defendants. Mr. and Mrs. Ducote have specially pleaded and they rely on the release as a defense to the third party action which was instituted against them. No fraud or mistake has been alleged or shown, and we find nothing in the evidence to support the argument that this was not a valid and binding "settlement," as that term is used in the policy.
Since Mrs. Griffin, without the written consent of the insurer, has made a "settlement" with a person who may be legally liable for damages for the bodily injury sustained by her, we conclude that under the clear and unambiguous provisions of the policy the "uninsured motorist" coverage does not apply.
In this court, plaintiff has filed a motion to remand the case for the purpose of taking testimony "on the question of fraud and misrepresentation by the defendant herein through its agent, Mr. G. L. Azemar, because they at all times agreed and consented to the release granted on April 17, 1965, by Mr. and Mrs. Griffin to Mr. and Mrs. Ducote." She does not allege that the insurer had given its written consent for her to enter into the settlement.
The obvious purpose of the evidence which plaintiff seeks to introduce is to annul or to alter the terms of the written release which she signed. As we have already pointed out, there are no allegations of fraud or misrepresentation in any of the pleadings, so the testimony which plaintiff seeks to offer would be inadmissible under the pleadings as they now stand. But even if the pleadings should be amended to allege the facts which are set out in the motion to remand, that is that the representative of Aetna "at all times agreed and consented to the release," such allegations would not state a cause of action for annulling the release or for permitting plaintiff to recover against Aetna on the grounds of fraud or misrepresentation.
We find no merit to the argument that plaintiff has the right to proceed against Aetna because that right was specifically reserved to her in the release which she executed. Aetna was not a party to that settlement, and it did not give its written consent to it. Aetna, therefore, cannot be prejudiced by the provision in the release which reserves to plaintiff the right to proceed against that company.
Finally, plaintiff seeks to have the case remanded to permit her to prove that Aetna "encouraged" the granting of the release, and that it was at the "suggestion" of a representative of that defendant that the release stipulate that plaintiff's right to proceed against Aetna is reserved. It is argued that under such a showing Aetna would be "estopped from pleading the release in bar to recovery by plaintiff herein." Defendant contends that the motion to remand is nothing more than a disguise for a motion for a new trial.
Prior to the trial of this case, answers were filed by Mr. and Mrs. Ducote and *329 by Aetna in which all of said parties specially pleaded this release as a defense to plaintiff's demands. Before the trial, therefore, plaintiff was fully aware of the fact that the release was being relied on by all of the other parties to the suit. There has been no showing or contention that the evidence which she wants to offer now was not available to her prior to the trial or that it could not have been obtained by the exercise of due diligence. The record indicates that plaintiff did not apply for a new trial in the district court and did not attempt to have the case re-opened.
We have concluded that plaintiff has had her day in court and that the motion to remand must be denied. See Granata v. Simpson, La.App. 1 Cir., 171 So.2d 284; Bond v. City of Baton Rouge, La.App. 1 Cir., 129 So.2d 887; Sciortino v. Batt, La. App. 4 Cir., 164 So.2d 136; Harris v. Vatter, La.App. Orl., 198 So. 548; and Texas Pipe Line Co. v. Johnson, 223 La. 380, 65 So.2d 884, 38 A.L.R.2d 785.
Since we have concluded that the motion to remand must be denied, it is not necessary for us to consider whether the doctrine of estoppel would or would not apply under the facts alleged in that motion.
For the reasons herein set out, the motion to remand is denied and the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.