348 So.2d 737 (1977)
Earl GAUTHREAUX
v.
The TRAVELERS INSURANCE CO. et al.
No. 11437.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
*738 Joseph B. DuPont, Sr., Plaquemine, of counsel for plaintiff-appellant, Mrs. Earl Gauthreaux.
John W. Barton, Jr., W. Arthur Abercrombie, Jr., Baton Rouge, of counsel for defendant-appellee, The Travelers Ins. Co.
David W. Robinson, Baton Rouge, of counsel for defendant-appellee, Government Employees Ins. Co.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This suit arises out of an automobile accident which occurred in Biloxi, Mississippi on August 23, 1974 when the automobile which plaintiff was operating was struck by a car driven by Samuel Peyton. At the time of the accident Peyton was insured by Southern Farm Bureau Casualty Company. The automobile driven by Mr. Gauthreaux was owned by Iberville Motors, Inc., and insured by The Travelers Insurance Company. Mr. Gauthreaux was also personally insured with two policies issued by the Government Employees Insurance Company.
On August 13, 1975, plaintiff executed a "final release and settlement of claim" with Southern Farm Bureau Casualty Company and Samuel Peyton for the consideration of $11,000.00 for injuries incurred by Mr. Gauthreaux in the August 23, 1974 accident. In the release and settlement, Mr. Gauthreaux in addition to releasing both Southern Farm Bureau and Samuel Peyton further agreed to indemnify and hold harmless Southern Farm Bureau and Samuel Peyton from all claims and demands arising out of the accident.
Mr. Gauthreaux sued both The Travelers Insurance Company as well as Government Employees Insurance Company under the uninsured and underinsured motorist coverage provisions of the policies alleging the accident was caused solely by the negligence of Peyton, and that his settlement with Peyton was not sufficient to cover his losses. Both insurers moved for summary judgment on the grounds that the prescriptive period in Mississippi for a tort action *739 arising out of an automobile accident is 6 years from the date of the accident, and that by plaintiff's release of Peyton as well as Southern Farm Bureau, plaintiff had destroyed the right of the defendants to recover from the tort feasor. From a judgment granting the summary judgments, plaintiff has appealed.
In appealing, plaintiff-appellant basically contends that there was a genuine issue of material fact as to whether there was another tort feasor who caused the accident, thus allowing to the uninsured motorist coverage insurers an opportunity to be indemnified. In filing the motions for summary judgment, defendant insurers submitted copies of the insurance policies, a true copy of the release between plaintiff and the tort feasor and his insurer, an affidavit by an attorney who was a member of the bar of Mississippi setting forth the 6 year prescriptive period, as well as the deposition of Samuel Peyton setting forth that he is a resident of the state of Mississippi. In addition, the insurers filed an affidavit setting forth that no consent to settle had ever been sought by the plaintiff from the defendants. Defendant did not file any countervailing affidavits in opposition to the motion for summary judgment. In his petition against the defendants, plaintiff contends that the accident was caused by the sole negligence of Peyton. Therefore, we do not find there to be any genuine issue of material fact so as to disallow a summary judgment.
LSA-R.S. 22:1406D(4) provides an absolute right to an insurance carrier who pays out funds under its uninsured or underinsured provisions to collect the amount of said payment from the uninsured or underinsured tort feasor. The release and hold harmless agreement creates a circuitous series of events whereby the insurers pay the plaintiff, then the insurers recover this amount from Peyton who is then indemnified by the plaintiff, who must in indemnification give to Peyton that which he has received from the insurers. In essence, the release and indemnification agreement has destroyed the right of the insurers to recover from the tort feasor. Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960).
Secondly, appellees contend that plaintiff did not receive their "consent to settle" in violation of express provisions of the policies. There is no factual dispute that consent was neither sought nor granted, and thus this voided the uninsured motorist coverage of both policies. Griffin v. Aetna Casualty and Surety Co., 189 So.2d 324 (La.App.3rd Cir. 1966).
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed; all costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.