DeSONIER, Judge.
Plaintiff, Clarence Niemann, filed suit against Travelers Insurance Company under a contract of uninsured motorist insurance resulting from an injury sustained in an automobile collision occurring on July 8, 1975 in New Orleans. Plaintiff was a guest passenger in a vehicle owned by A. J. Junda and insured by defendant, Travelers Insurance Company. The other vehicle involved was driven by one James L. Warmack and insured by State Farm Insurance Company.
Subsequent to the accident, plaintiff compromised his claim against Warmack and State Farm for $9,750, which was $250 less than State Farm’s $10,000 policy limit. Plaintiff executed a release in favor of Warmack and State Farm.
Subsequently, plaintiff brought the present suit against Travelers based on the uninsured motorist coverage afforded by Junda’s policy. Plaintiff based his suit on the allegation that the Warmack vehicle was underinsured and thereby uninsured within the provisions of R.S. 22:1406 D, in that plaintiff’s damages exceeded State Farm’s $10,000 policy limit.
Travelers answered and filed a third party action against State Farm, seeking indemnification for the difference between the amount paid by State Farm and the $10,000 policy limit. State Farm filed an exception based on the release executed by plaintiff in its favor, and the court granted judgment dismissing Travelers third party action against State Farm.
Travelers then filed a motion for summary judgment seeking to dismiss plaintiff’s claim on the basis that his release of War-mack and State Farm was executed without Travelers’ consent and substantially impeded Travelers’ rights of subrogation against the underinsured motorist and its carrier.
For the purpose of Travelers’ motion for summary judgment, the parties stipulated the release by plaintiff, Niemann, in favor of Warmack and State Farm, the lack of consent by Travelers to the release and compromise, and the existence and content of the insurance policy issued by Travelers in favor of Junda.
Based on the release and Travelers’ policy, the trial judge maintained Travelers’ motion for summary judgment, and plaintiff has appealed. The reason for the trial court’s ruling appears to be that plaintiff violated the “consent to settle” clause of Travelers’ policy, by which Travelers reserved the right to withhold consent for a person claiming under its uninsured motorist coverage to settle with the third party tort feasor to preserve Travelers’ rights of subrogation against the uninsured or unde-rinsured motorist. In the present case, Travelers’ policy specifically excluded from coverage bodily injury to an insured with respect to which the insured makes any settlement with any person who may be liable for the injuries without Travelers’ consent.
Plaintiff argues the “consent to settle” clause is invalid and any prejudice to the subrogation rights of the uninsured motorist insurer from a non-consented settlement is not a basis for denial of plaintiff’s suit against the uninsured motorist carrier under the facts of this case.
Plaintiff is correct in that the Supreme Court refused to enforce a “consent to set- *566 tie” clause in the case of Hebert v. Green.[1] However, the Supreme Court’s holding has limited effect since the uninsured motorist carrier was not prejudiced in any way by plaintiff’s settlement under the peculiar facts of the case.[2]
The Supreme Court in strong dictum indicated the best interest of the public would be protected by allowing an injured party to settle in violation of the “consent to settle” clause without interference from an insurance company or its claims representative. Since this language is clearly dictum, it does not justify such a holding by this court.
This conclusion is reinforced by the decisions of other courts. For example, in Gauthreaux v. Travelers Ins. Co.,[3] it was held the plaintiff could not recover against his uninsured motorist carrier when his settlement with the uninsured motorist destroyed the insurer’s right to reimbursement or sub-rogation.
Plaintiff’s second argument is that under the facts of the present case the uninsured motorist carrier is not prejudiced by plaintiff’s settlement with Warmaek and State Farm. Plaintiff argues that if he should recover from Travelers, then Travelers would be entitled to a credit against the judgment for the $10,000 policy limit through State Farm’s primary coverage. This argument is based on R.S. 22:1406 D(4) which provides:
“(4) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.” R.S. 22:1406 D (4).
The quoted statute does not create an express right of subrogation in favor of the uninsured motorist carrier, but instead provides for reimbursement from the proceeds of any settlement or judgment resulting from the exercise of rights of recovery of the injured person. While not expressly stated, plaintiff’s argument is reminiscent of the procedure under the third party provisions of the Louisiana Workmen’s Compensation Statute by which a compensation carrier is entitled to credit against its liability to an injured worker to the extent of tort damages recovered from a third party by the injured worker.[4]
The defect in plaintiff’s argument, however, revolves around the assumption that the uninsured motorist carrier could only recover the amounts of the limits of liability of the policy issued in favor of the underinsured motorist. As a matter of practice, the high percentage of uninsured motorist cases fall within this framework. However, the uninsured motorist carrier is entitled, under the provisions of R.S. 22:1406 D (4), quoted above, to a clear and unobstructed attempt to recover all sums expended by it not only from the underinsured motorist’s carrier to the extent of its limits of liability but also from the underin-sured motorist himself. There seems to be no justification for the courts to allow a plaintiff to settle with an uninsured or underinsured motorist and thereby limit the rights of recovery of the uninsured motorist carrier against, whom he also makes claim. Such a result would deprive the uninsured motorist of a right granted by statute, and it is the province of the legislature and not *567 the courts to deprive it of such right. We therefore conclude plaintiff excluded his injury from coverage under Travelers’ uninsured motorist provision by settling with Warmack and State Farm in contravention of the “consent to settle” clause of Travelers’ policy.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

ON APPLICATION FOR REHEARING
REDMANN, Judge,
concurring in refusing rehearing.
Whitten v. Empire F. and M. Ins. Co., La.App. 2 Cir. 1977, 353 So.2d 1071, factually similar to our case, may have correctly decided what it referred to as “the issue on appeal”, 353 So.2d at 1076, but it does not decide the issue we deem decisive.

. La., 311 So.2d 223.

. The Supreme Court reasoned the Uninsured Motorist Statute only gave the uninsured motorist carrier a right over against the uninsured motorist and not against an insured motorist. Consequently, the uninsured motorist carrier was not prejudiced by a settlement between plaintiff and an insured motorist since the uninsured motorist carrier retained its right to recover over against the uninsured motorist.

. La.App., 348 So.2d 737.

. See R.S. 23:1101, and Malone, Louisiana Workmen’s Compensation, § 368.