HAMITER, Justice.
 

 Plaintiff, a corporation engaged in conducting a business in this state of transporting crude petroleum, instituted this action to expropriate a pipe line servitude or right of way (50 feet wide, 228.12 rods long, and containing 4.32 acres) across defendants’ land situated in St. Mary Parish.
 

 Answering, defendants prayed for a dismissal of the proceedings and, alternatively, that plaintiff be condemned to pay to them $1,600 for the right of way and $2,500 as damages to be sustained.
 

 
 *383
 
 Following a trial the district court maintained the expropriation and condemned plaintiff to pay to defendants $228.12 for the servitude plus crop damages of $1,166.40, or an aggregate amount of $1,394.52.
 

 From the judgment defendants appealed. And shortly after the transcript was lodged here they moved in writing that the cause he remanded for the reception of additional evidence.
 

 In their brief to this court defendants contend that they should have judgment for a total of $3,703.10 or that, at least, the case should be remanded for further proceedings.
 

 On the record as presently made up we are unable to conclude that the district court’s award to defendants is inadequate.
 

 The value of $228.12 fixed for the expropriated servitude, which is 228.12 rods in length, is at the rate of $1 per rod. According to the uncontradicted evidence plaintiff has acquired approximately 390 similar rights of way in the vicinity of defendants’ land at the same rate. Moreover, when computed o,n a acreage basis at the mentioned price per rod the value of the servitude (4.32 acres) is about $52 per acre. This figure represents slightly more than one-third of the fair market value of the land in fee, it having been appraised at $150 per acre by two real estate brokers who testified during the trial. And, in this connection, it is well to note that the judgment reserves to defendants the right to fully enjoy and use the property, except as the same may be necessary for the purpose of the right of way, and it stipulates that plaintiff’s exercise of the servitude is subject to the payment of all future damages caused thereby.
 

 True, two of the defendants testified that they had previously received from other oil companies prices ranging from $3 to $7 per rod for the granting of similar rights of way. But the introduced documentary evidence of the grants is not entirely corroborative of their testimony. Nor are the circumstances relating to those transactions fully disclosed by the record.
 

 As to the question of crop damage the witnesses for both plaintiff and defendants agreed that from sugar cane, in which the greater part of the expropriated land (4.32 acres) was planted, a net profit of approximately $50 per acre is ordinarily derived,i and that damages respecting a crop of that kind should be computed on a three years’ basis because of the stubble cane involved. Some of the witnesses also stated that the cost of laying new rows of sugar cane, which is about $5 per acre, should be added. But the district court did not use the combined estimate of $55 in making the award. It employed a figure of $90 per acre over a three year period (to which appellee is making no objection) and, accordingly, for the 4.32 acres it assessed damages totaling $1,166.40.
 

 Defendants’ demand for a greater award is predicated largely on the conten
 
 *385
 
 tion that they are entitled to be paid as damages the full amount that might have been realized from harvested sugar cane crops during a three year period without taking into consideration any production expenses. Two of them so testified. But when no crops are made, which is the case here, clearly cultivating and harvesting costs should not be included as damages.
 

 In their motion to remand defendants allege that there is newly discovered evidence that will support their demand for larger damages, they relying especially on a letter purportedly addressed (subsequent to the trial of this case) by a representative of plaintiff to another landowner in the general area regarding settlement of the latter’s right of way damage claim. They assert that on a remand testimony will be given by such addressee, as well as by other property owners who furnished similar servitudes, that will warrant an award much greater than that made by the trial court; and their counsel argue that in the interest of justice we, under the authority of Code of Practice Article 906, should return the cause to the district court for the reception of that evidence.
 

 Appellate courts, in the administration of justice, are granted the right by the cited article to remand a cause under certain circumstances for the reception of additional evidence. Mayer v. Barrow, 182 La. 983, 162 So. 748, and Bayou Rapides Lumber Company v. Campbell, 215 La. 849, 41 So.2d 781, 782. But, as was said in the latter case, this procedure “is one which must be sparingly exercised.” Furthermore, this court is not “disposed to permit litigants to try their cases by piecemeal and continue protracted litigation as to facts that could have been established on the original trial.” Kennebrew v. Louisana Ice Company, Inc., 216 La. 472, 43 So.2d 798, 808 and Young v. Mulroy, 216 La. 961, 45 So.2d 357.
 

 From the letter principally relied on in support of the instant motion to remand it cannot be definitely determined that the addressee was afforded a damage settlement better than' the one these defendants are receiving, no value as to the crops having been set forth therein. Too, the writer of that letter (plaintiff’s representative in charge of the acquisition of rights of way) was a witness during the trial and was not interrogated as to any settlements made for crop damage. The simple question of what he had paid other landowners in the area would have brought to light the information which defendants now propose to furnish on a remand. Neither did the defendants call any of those landowners as witnesses as they might well have done. Therefore, it appearing that the proposed additional evidence was available to defendants during the original trial and with due diligence could have been discovered and produced, the motion to remand must be denied.
 

 For the reasons assigned the motion to remand is denied and the judgment appealed from is affirmed.