MOISE, Justice.
The defendant-wife has appealed suspensively to this Court from a judgment of divorce granted on the grounds of living two years separate and apart. In advance of the hearing on the merits, she has applied for an order remanding the case to the court below for the purpose of introducing certain evidence. The plaintiff has filed a motion to dismiss the motion to remand.
We feel that the application made to remand prior to hearing, for. the purpose of receiving and considering certain new evidence, was premature. See, Article 906 of the Code of Practice.
We consider it a condition precedent to the exercise of such authority to remand that we should first determine that it is not possible to pronounce definitely on the cause in the state in which it is— meaning, of course, by “definitely”, a judgment according to conscience and the requirements of justice. It is plain that we cannot determine this question without first examining into the merits of the cause.
It might well be that we may conclude, on examining the merits on the suspensive appeal, that the evidence already submitted was sufficient, or that the evidence now suggested, even if admitted, could not affect our conclusion, or that, for some other reason, we could decide the cause to our satisfaction in the state in which it is. In such case, of course, the remanding would be unnecessary.
See, L. A. Frey & Sons, Inc., v. Town of Slidell, 173 La. 397, 137 So. 193.
For the reasons assigned, it is ordered that the application to remand be, at the present time, refused, and that the subject matter thereof be referred to the merits of the cause to be considered and determined when said merits shall be heard and submitted.