SANDERS, Justice
 

 Plaintiff brought this suit for damages, ex delicto, for injuries received in the administration of a spinal anesthetic before surgery. Defendants were the anesthesiologist, the attending physician, the surgeon, the hospital, and their insurers. After a jury trial, the district court rendered judgment in favor of all defendants. Plaintiff appealed. Because of the erroneous exclusion of evidence and improper instructions to the jury, the Court of Appeal reversed the district court judgment and remanded the case for a new trial. 193 So.2d 330.- On application of the defendants, we denied writs, “Judgment not final.” 250 La. 365, 195 So.2d 643.
 

 Upon remand, the parties agreed to waive the jury trial and consented that the case be heard by the judge alone. The trial judge rendered judgment in favor of plaintiff against three of the defendants, Dr. Byron J. Casey, Anesthesia Associates, and Travelers Indemnity Company, in solido, in the principal sum of $75,000.00. These defendants appealed.
 

 Shortly before the date assigned for argument in the Court of Appeal, defendants filed a motion to remand the case for further evidence, consisting of a surveillance film allegedly made by investigators after the second trial. The motion alleged the motion pictures would prove that plaintiff is under “no disability from the standpoint of walking,” that is, they would show the plaintiff walking without a limp.
 

 Plaintiff filed an opposition to the remand, alleging the record was adequate to render a just decision on the merits, the motion was tantamount to an application for a new trial on the ground of newly discovered evidence, and defendants made no showing why the evidence could not have been discovered with due diligence and presented at the trials.
 

 The Court of Appeal set aside the judgment in favor of plaintiff and remanded the case to the trial court “for the limited purpose of receiving additional evidence, to be submitted by both appellants and plaintiff, respecting plaintiff’s injury and disability.” 221 So.2d 619. On
 
 *650
 
 application of plaintiff, we granted certiorari to review the judgment. 254 La. 282, 223 So.2d 408.
 
 [1]
 

 Article 2164 of the Louisiana Code of Civil Procedure provides:
 

 “The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. * * *
 

 This article authorizes an appellate court to remand a case when it is a just and proper disposition based upon the record.
 

 The present suit has been the subject of two trials, one in 1964 and another in 1968. The record is replete with evidence, including the testimony of at least eight physicians. As disclosed by the first Court of Appeal judgment, the main issue is liability: whether the physician who administered the anesthetic fell below the standard of care required of him. See Herbert v. Travelers Indemnity Company, La.App., 193 So.2d 330.
 

 The new evidence relates primarily, if not exclusively, to the extent of disability. In their motion, defendants made no showing why the evidence could not have been obtained with due diligence for .presentation at the last trial, held four years after the first appearance of this case before the trial court.
 

 The law favors a prompt disposition of cases for the benefit of litigants who have had their day in the trial' court. Protracting the litigation to receive evidence that should have been obtained for the original trial is to be avoided. Texas Pipeline Co. v. Johnson, 223 La. 380, 65 So.2d 884, 38 A.L.R.2d 785; Kinnebrew v. Louisiana Ice Co., 216 La. 472, 43 So. 2d 798; Young v. Mulroy, 216 La. 961, 45 So.2d 357; Chalmers v. Frost-Johnson Lumber Co., 143 La. 836, 79 So. 424.
 

 A remand for new evidence must be based upon an examination of the merits. It is warranted only when the state of the record is such that the new evidence is likely to affect the outcome of the case. See Bruney v. Bruney, 230 La. 30, 87 So.2d 718; Savin v. Savin, 216 La. 71, 43 So.2d 221; Mayer v. Barrow, 182 La. 983, 162 So. 748. The remand of a case without decision to receive new evidence requires the appellate court to set aside the existing judgment. Such a power should be sparingly exercised. Texas Pipeline Co. v. Johnson, supra.
 

 The Court of Appeal set aside the judgment and remanded the case without an examination of the merits and without a showing that the evidence was unobtainable with due diligence for the original trials. We hold the Court of Appeal erred.
 

 
 *652
 
 For the reasons assigned, the judgment of the Court of Appeal is reversed, and the case is remanded to that court for further proceedings according to law and consistent with the views herein expressed.
 

 [1]
 

 . In this Court, counsel stipulated that the court could view the surveillance film to aid in a disposition of the case, if it so desired. The Court has found it unnecessary to view the film.