248 So.2d 88 (1970)
MID-CITY INVESTMENT CO., Inc.
v.
Sam BATISTE.
No. 8165.
Court of Appeal of Louisiana, First Circuit.
December 21, 1970.
On Rehearing April 19, 1971.
Writ Refused May 24, 1971.
*89 John Dale Powers and R. Gordon Kean, of Sanders, Miller, Downing & Kean, Baton Rouge, for appellant.
Walton J. Barnes, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and PICKETT. JJ.
LOTTINGER, Judge.
This is an appeal from a judgment rendered by the Lower Court wherein a motion for a new trial filed by the garnishee, Kroger Company, Inc., was overruled. The petitioner in the matter is Mid-City Investment Co., Inc., and the defendant is Sam Batiste.
On October 4, 1969, the petitioner confirmed a default judgment against defendant. Subsequently, on October 21, 1969, petitioner filed a garnishment based upon a writ of fi.fa. naming Kroger Company as garnishee. The garnishee never answered the interrogatories and on January 30, 1970, petitioner filed a rule to show cause against garnishee why the judgment for the full amount due should not be rendered against garnishee for its failure to answer the interrogatories. The rule was set for February 9, 1970, and garnishee was served on February 4, 1970. On February 5, 1970, the garnishee sent a telegram to the Clerk of Court and petitioner's attorney stating that defendant's employment with it had terminated on October 20, 1969, the day before the garnishment proceedings were instituted. The garnishee did not appear at the rule to show cause, and, accordingly, a judgment pro-confesso for $275.00, plus $50.00 attorney fees and costs, was rendered against garnishee.
The judgment was signed on February 12, 1970, and on February 13, 1970, the garnishee moved for a new trial or a reopening of the case, both of which were denied by the Trial Judge. The garnishee has taken this appeal from the said judgment of the Lower Court, contending that the telegram served as an answer or exception to the motion for a judgment pro-confesso. The garnishee further contends that the citation on it was defective in that *90 the procedure as set forth in Article 2412 of the Code of Civil Procedure for service was not followed.
Article 2412 provides that:
"The sheriff shall serve upon the garnishee the citation and a copy of the petition and of the interrogatories, together with a notice that a seizure is thereby effected against any property of or indebtedness to the judgment debtor.
Service shall be made in the manner provided for service of citation, except that if the garnishee is an individual, service must be personal. If the garnishee has concealed or absented himself with the purpose of avoiding personal service, the court may order that service be made in any other manner provided by law.
The garnishee shall filed his sworn answers to the interrogatories within fifteen days from the date of service." Emphasis ours.
In Felt & Tarrant Mfg. Co. v. Sinclair Agency, 4 La.App. 121, the Court held that citation in garnishment must strictly comply with the law.
Article 925 of the Louisiana Code of Civil Procedure sets forth the objections which may be raised through the declinatory exception which includes, but are not limited to, insufficiency of citation and insufficiency of service of process. The citation was issued herein, however, the record fails to disclose that the notice provided by Article 2412 was ever served upon the garnishee. Article 928 of the Code of Civil Procedure further provides that the declinatory exceptions shall be pleaded prior to answer or judgment by default. Thus, although it appears that the notice was never served on the garnishee, at least this is shown by its absence in the record before us, this defect was cured when the garnishee failed to file his exception prior to answer or judgment by default.
The lack of a writ of fi. fa. or notice of seizure are objections which the garnishee should have urged by exception filed prior to the contradictory motion, under penalty of waiver. Barnett Home Appliance Corporation v. Guidry, La.App., 224 So.2d 134; writs refused, 254 La. 795, 226 So.2d 922.
Of course, a judgment pro-confesso, would, in this case, have the same standing as a judgment by default.
With regard to the question of the Lower Court granting a new trial or reopening the case, Article 2412 of the Code of Civil Procedure provides that the garnishee shall file his sworn answers to the interrogatories within fifteen days from the date of service. The telegram which was sent by the garnishee and filed in the record on the day before the entry of the judgment pro-confesso cannot be considered a sworn answer to the interrogatories.
Article 2413 of the Code of Civil Procedure further provides as follows:
"If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.

Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.

*91 Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney's fee for the motion." Emphasis ours.
Thus, according to the clear wording of the statutes involved, the effect of the garnishee's failure to answer under oath prior to the filing of the contradictory motion to show cause, is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest and costs. The law provides that judgment shall be rendered against the garnishee upon trial of the rule to show cause unless be proves that he had no property of and was not indebted to the judgment debtor.
As Article 2412 requires a sworn answer to the interrogatories, the telegram cannot be considered an answer, nor can it be considered evidence or proof on the trial of the rule to show cause.
Article 1972 of the Code of Civil Procedure provides as follows:
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814."
The garnishee allegedly knew before the trial or hearing on the contradictory motion of the judgment creditor that the debtor did not work for them anymore and that they did not have any money or property in their possession belonging to the judgment debtor. We, therefore, feel that the judgment of the Lower Court in overruling the motion for a new trial or a reopening of the case was correct.
Therefore, for the above reasons, the judgment of the Lower Court will be affirmed, all costs of this appeal are to be paid by the garnishee.
Judgment affirmed.
SARTAIN, Judge (dissenting).
I cannot agree with the holding of the majority, under the particular facts of this case, that the judgment pro-confesso in the sum of $275.00 against Kroger Company, Inc., the garnishee, should be allowed to stand. The facts as set forth in the majority opinion are correct. I depart from their decision at the point where it affirms the trial judge's refusal to grant the garnishee a new trial when the trial judge had every reason to believe that there existed a valid and legitimate defense against the rule for the judgment pro-confesso.
The majority opinion cites and relies upon C.C.P. Article 1972 which sets forth peremptory reasons for the granting of a new trial. Admittedly, the facts presented in the instant matter do not fall within the purview of this article. However, C.C.P. Article 1973 is much broader in scope and grants to the trial judge rather wide latitude in granting a new trial on discretionary grounds. A court of law is not so bound by technical rules and procedures so as to prohibit, in retrospect, the correction of an obvious wrong.
While recognizing the long line of cases fortifying the rule that the granting or denying of a new trial is left to the sound discretion of the trial judge and should only be set aside when that discretion has been abused, I am of the opinion that a new trial should have been granted in this matter.
The garnishee by his own neglect or error failed to timely answer the interrogatories and in my judgment failed to properly respond to the rule for judgment pro-confesso *92 on the day that the same was set for hearing. Notwithstanding this fact, timely application for a new trial was made and it clearly discloses that at the time of the institution of this garnishment proceeding the judgment debtor was not employed by the garnishee.
The garnishee should be penalized but only to the extent that it be made to stand in judgment for attorney's fees incurred by the seizing creditor. I, therefore, would reverse the judgment denying a new trial and remand this matter for further proceedings to permit the garnishee to show that Batiste was not in its employ and it held no property, i. e., wages or commissions that were subject to seizure. I would also permit the seizing creditor to amend its petition to claim additional reasonable attorney's fees for the added hearings that the neglect of garnishee has provoked, including the hearing on the motion for a new trial, the new trial itself, or any other proceeding engendered by this controversy and for which garnishee is responsible. C.C.P. Article 2413.
My opinion would be different if the judgment pro-confesso had become final but in the instant matter it had not and at the time of the application for the new trial it appeared apparent that garnishee's defense was a valid one.
For these reasons, I respectfully dissent.

ON REHEARING
Before LOTTINGER, LANDRY, SARTAIN, ELLIS, BLANCHE and TUCKER, JJ.
SARTAIN, Judge.
After en banc consideration a rehearing was granted in this matter to permit a review of the initial decision of this court and the comments raised in the dissent. Our reconsideration convinces us that the trial judge erred in failing to grant to Kroger Company, Inc., the garnishee, a rehearing when the same was timely filed.
The judgment of the trial court granting plaintiff a judgment pro confesso was valid at the time of its rendition because a telegram filed in the record cannot suffice as an answer to a rule issued in accordance with C.C.P. Art. 2413. However, the application for a rehearing was in proper form and asserted that at the time Mid-City Investment Company, Inc. instituted these proceedings Sam Batiste was no longer employed by Kroger Company, Inc. For the purpose of considering the application for a new trial the trial judge should have given consideration to the argument that Kroger Company, Inc. was not obligated to the judgment debtor at the time the garnishment proceedings were filed. In our opinion the failure to do so gives an undue penal effect to C.C.P. Art. 2413 contrary to the purpose and intent of the article.
Art. 2413 provides that failure of the garnishee to answer prior to the filing of a contradictory motion is prima facie proof that the garnishee has property of or is indebted to the judgment debtor to the extent of the judgment, interest and costs. The burden then shifts to the garnishee to prove to the contrary. Assuming that a garnishee timely responds to the contradictory motion, the garnishee's responsibility is limited to whatever property of the judgment debtor the garnishee controlled at the time of the filing of the garnishment proceedings. The only penal provision in the article is sanctioned by the last paragraph thereof which provides that in the event a garnishee fails to answer interrogatories thus creating the necessity for a contradictory motion the said garnishee shall be responsible for reasonable attorney's fees and costs of the motion.
In the original opinion the majority stated that the garnishee had failed to satisfy the requirements of C.C.P. Art. 1972 relative to the allegation for a rehearing. Under the particular facts of this case *93 we are of the opinion that the trial judge should have granted a new trial on the contradictory motion under the authority of C.C.P. Art. 1973 which article vests in the trial judge discretionary authority to grant a new trial in the interest of justice. His failure to do so in this case with evidence before him that substantiated the charge that the judgment debtor was not employed by the garnishee at the time of the institution of the garnishment proceedings was an abuse of discretion and the new trial should have been granted to right an obvious wrong.
The provision in Art. 2413 relative to attorney's fees and costs amply protects the seizing creditor against court costs and attorney's fees which were occasioned by the initial failure of the garnishee to answer the interrogatories timely.
Accordingly, for the above and foregoing reasons the judgment of the district court denying an application for a new trial on behalf of Kroger Company, Inc., is reversed and set aside and judgment is rendered herein granting said party a new trial and remanding this matter to the trial court for further proceedings thereon. The cost of this appeal only is to be borne by plaintiff-appellant. All previous costs are assessed against the garnishee with future costs to await a final determination of the merits on the new trial.
Reversed and remanded.

ON REHEARING
LOTTINGER, Judge (dissenting).
I respectfully dissent from the majority herein for the reasons previously given in the initial decision of this Court and for the further reasons given herein.
There is no question that the garnishee herein would not be in its present predicament if it had only, number one, answered the interrogatories according to law, C.C.P. Art. 2412, and number two, if it had only offered proof, on the trial of the motion, "that he had no property of and was not indebted to the judgment debtor". C.C.P. Art. 2413. All to the contrary, the garnishee sat idly by and paid no legal attention to the legal proceedings brought against it in a court of law until a judgment had been rendered against it according to law. It then wakes up and asks for a new trial based on the fact that the judgment debtor had terminated his employment with the garnishee, the day before the garnishment proceedings were instituted. At least in its motion for a new trial the garnishee did not say that this evidence was unobtainable with due diligence for the answering of the interrogatories or for the trial of the motion. All to the contrary, as we pointed out in the initial decision, the garnishee allegedly knew before the trial or hearing on the contradictory motion of the judgment creditor that the debtor did not work for them anymore and that they did not have any money or property in their possession belonging to the judgment debtor as was evidenced by the telegram dated February 5, 1970, sent by the garnishee. What the garnishee is attempting to do is to get three bites at the apple. Protracting the litigation to receive evidence that should have been obtained for the original trial is to be avoided. The law favors a prompt disposition of cases for the benefit of litigants who have had their day in the Trial Court.
C.C.P. Art. 1973 Discretionary grounds, provides as follows:
"A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
C.C.P. Art. 2164 provides as follows:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. * * *"
It appears to me that these two articles tend to serve the same purpose or to accomplish the same results.
Be that as it may, the Supreme Court of Louisiana in Herbert v. Travelers Indemnity Co. (1970) 232 So.2d 463, through *94 Justice Sanders said, that it was an error for an appellate court to remand a case to the lower court for the purpose of taking new evidence without a showing that this new evidence was unobtainable with due diligence for presentation at the original trial.
In the Herbert case supra, the Court rendered a judgment in favor of all defendants. Plaintiff then appealed. Court of Appeal in 193 So.2d 330 reversed and remanded the case for a new trial for errors made by Judge.
In the second trial, on remand, the Lower Court rendered judgment in favor of plaintiff. The defendants appealed.
While on appeal, defendants filed a motion to remand for further evidence, consisting of films made after the second trial. They contended the films would prove that plaintiff is under no disability. Plaintiff opposed, contending the record was adequate and that the motion was tantamount to an application for a new trial on the grounds of newly discovered evidence and defendants made no showing why the evidence could not have been discovered with due diligence and presented at the trials.
The Court of Appeal, in 221 So.2d 619, set aside the judgment in favor of plaintiff and remanded the case. Without specifically citing C.C.P. Art. 2164, the Court of Appeal, Fourth Circuit, said:
"As we are convinced of appellants' sincere belief that the pictures in question will materially affect the question of quantum and perhaps, as they argue, also reflect on the credibility of the witnesses involved, we believe the ends of justice will be better served by remanding the case to the trial court so that pertinent evidence relative to plaintiff's injury and disability may be introduced by both the appellants and the plaintiff." (Emphasis added.)
On application of plaintiff, the Supreme Court granted certiorari to review the judgment.
After citing C.C.P. Art. 2164, Justice Sanders said:
"The new evidence relates primarily, if not exclusively, to the extent of disability. In their motion, defendants made no showing why the evidence could not have been obtained with due diligence for presentation at the last trial, held four years after the first appearance of this case before the trial court.
The law favors a prompt disposition of cases for the benefit of litigants two have had their day in the trial court. Protracting the litigation to receive evidence that should have been obtained for the original trial is to be avoided. Texas Pipeline Co. v. Johnson, 223 La. 380, 65 So.2d 884, 38 A.L.R.2d 785; Kinnebrew v. Louisiana Ice Co., 216 La. 472, 43 So. 2d 798; Young v. Mulroy, 216 La. 961, 45 So.2d 357; Chalmers v. Frost-Johnson Lumber Co., 143 La. 836, 79 So. 424.
A remand for new evidence must be based upon an examination of the merits. It is warranted only when the state of the record is such that the new evidence is likely to affect the outcome of the case. See Bruney v. Bruney, 230 La. 30, 87 So.2d 718; Savin v. Savin, 216 La. 71, 43 So.2d 221; Mayer v. Barrow, 182 La. 983, 162 So. 748. The remand of a case without decision to receive new evidence requires the appellate court to set aside the existing judgment. Such a power should be sparingly exercised. Texas Pipeline Co. v. Johnson, supra.
The Court of Appeal set aside the judgment and remanded the case without an examination of the merits and without a showing that the evidence was unobtainable with due diligence for the original trials. We hold the Court of Appeal erred." (Emphasis added.)
For the above and foregoing reasons, I respectfully dissent.