GULOTTA, Judge.
Defendants’ motion to remand for a new trial filed on March 5, 1976 [1] on the ground of newly discovered evidence is denied.
An affidavit of a private investigator, attached to the motion, states that the investigator’s surveillance of Villere Reggio on March 3 and March 4, 1976, revealed that Villere was mowing and edging his lawn, hoisting a flag and driving his automobile. Polaroid photographs of Villere using the electric edger and electric mower are attached to the motion. According to defendants, the affidavit and the photographs constitute newly discovered evidence which was not available to defendants at the time that the matter was set for trial. Defendants claim this evidence is material in the determination of Villere Reggio’s disability and relates to the quantum question, which is seriously disputed.
In Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463 (1970), the Supreme Court stated that based upon the authority of article 2164 of the Louisiana Code of Civil Procedure, an appellate court may remand a case, where the remand is based upon a claim of newly discovered evidence and when such a disposition is just and proper. In the Herbert case, the court denied the motion to remand for the reason that defendant failed to show in his motion why the evidence could not have been obtained with the exercise of due diligence at the time of the trial. The *395 court went on to say that the motion to tion, when the primary issue before the ap-remand addressed itself to a quantum ques-pellate court was a liability question.
In the instant case, while the quantum question is the subject of serious dispute and a showing was made that the newly discovered evidence was not available at the time of the trial, nevertheless, we fail to find merit in defendants’ motion to remand. The newly discovered evidence relates to the extent of Villere’s disability. Although the medical experts who testified concerning Villere’s injuries assessed varying degrees of disability at the time of trial (Dr. William J. Pollock, 100% disability, and Dr. James D. Day, 50% disability at time of trial), nevertheless, both experts, as well as Dr. Gustavo Colon, a plastic surgeon, were in agreement that Villere’s condition would improve over the following months, depending to a large degree upon this plaintiff’s desire to exercise, to ambulate and to force himself to use his injured extremities. The jury had before it medical evidence that Villere’s condition would improve, however, the extent of the improvement was indefinite and uncertain, dependent upon many factors. According to Dr. Pollock, a definite statement as to final disability could not be made until another six months had elapsed from the time of his evaluation (March 18, 1975).[2] The jury had before it also the testimony of Dr. Day, which was offered near the conclusion of the trial, relating to the future probable capability of Villere Reggio’s use of his hands. In this connection, Dr. Day was asked:
“Q. Is Mr. Reggio, at this point in time, capable of handling gardening equipment ?
“A. I would not think so at this point, but I think that ultimately in six months to a year and a half that he will, we will just have to wait and find out.”
As was stated in Herbert, supra, and Texas Pipe Line Co. v. Johnson, 223 La. 380, 65 So.2d 884 (1953), a remand of a case to receive newly discovered evidence should be “sparingly exercised”. The record in the instant case contains in excess of 900 pages of testimony. According to defendants, almost 1,000 exhibits were introduced into evidence and form part of the record on appeal. The medical evidence, both from a physical and psychiatric standpoint, was thoroughly developed. The jury was made aware of the extent of Villere’s injuries and the likelihood or unlikelihood of the improvement of the functional disability of the hands. Under the circumstances, we conclude a remand of this matter for the purposes set forth in the motion is unwarranted. The motion is denied.

MOTION DENIED.

. Argument on the motion and on the merits was heard on March 10, 1976, the date assigned for hearing of the appeal on the merits.

. The trial took place on April 17, 1975.