434 So.2d 594 (1983)
James D. MACK
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, et al.
No. 83 CA 0401.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*595 J. Arthur Smith, III, Baton Rouge, for plaintiff-appellee.
Robert J. Vandaworker, Baton Rouge, for defendants-appellants, Southern Farm Bureau Cas. Ins. Co., J.T. Howell, Monroe Nelson.
Thomas A. Lane, Baton Rouge, for defendant, State Farm Mut. Auto. Ins. Co.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
The facts of this case are somewhat unusual. Plaintiff James D. Mack was involved in two vehicular accidents, one on May 9, 1981, and the other on February 16, 1982. Although each accident involved different parties, the insurer (also named as a defendant) in both cases was Southern Farm Bureau Casualty Insurance Company (Southern Farm).
Trial was held as to the suit arising from the May 9th accident. The jury concluded that at the time of the collision Mr. Mack was not driving his vehicle (a wrecker), but was standing outside of it. It found he had suffered a ruptured cervical disc but did not find the accident to have played a substantial part in causing the injury. It found one defendant to be 80% at fault, the other defendant free of fault, and plaintiff 20% at fault. However, judgment was rendered in favor of the defendants and plaintiff's demands were rejected. Defendants were cast for jury costs and plaintiff was cast for all other costs. Defendants filed an appeal, contesting the assessment of the jury costs and plaintiff answered the appeal complaining the judgment on the merits was in error.
Sometime after the jury verdict was rendered, plaintiff filed suit for injuries allegedly caused by the February accident. In response to this suit, the defendants (including Southern Farm) filed an answer whereby they alleged plaintiff's injuries occurred not in the course of the February accident but in the course of the previous May accident.
Plaintiff contends the case should be remanded to the trial court for the introduction of this new evidence (the answer) which he claims is a judicial admission by the insurer that plaintiff's injuries were in fact caused by the May accident.
It is well settled that courts of appeal have the power under La.Code Civ.P. art. 2164 to remand a case for the introduction of additional evidence if grave injustice might result from failure to do so. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981), writ denied, 405 So.2d 533 (La. 1981); A Second Mortgage Co. of Baton Rouge, Inc. v. Gatlin, 233 So.2d 583 (La. App. 1st Cir.1970). Such a remand without decision requires the existing judgment to be set aside. Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463 (La.1970). Accordingly, although the power to remand rests within the discretion of the reviewing court, it should be exercised sparingly. *596 Herbert v. Travelers Indemnity Co., supra; White v. Johns-Manville Sales Corp., 416 So.2d 327 (La.App. 5th Cir.1982). A remand for the introduction of additional evidence is warranted only when this new evidence is likely to affect the outcome of the case. Herbert v. Travelers Indemnity Co., supra.
Plaintiff contends the trial of the case involved a close credibility determination and the aforesaid answer would have an effect upon that credibility. The testimony he refers to is that of Frank Selders, one of the defendants, who testified that Mack was not actually in his truck at the time of the collision. We do not see how the answer in the second suit would affect this credibility determination. It is nothing more than a bare allegation made by a different individual defendant and the same insurance company.[1] Selder's credibility is simply not affected by Southern Farm's answer in the subsequent suit. Therefore we conclude there will be no "grave injustice" resulting from our failure to grant the remand.
Plaintiff cites as authority for the remand in this case, Gillaspie v. Mittelbronn, 326 So.2d 538 (La.App. 4th Cir.1976), writ denied, 329 So.2d 470 (La.1976). In Gillaspie the appellate court remanded to the trial court because of the discovery of sworn testimony which had been given at another judicial proceeding, testimony which conflicted with that given at the trial at issue. We find the facts distinguishable because the evidence in Gillaspie was sworn testimony while the "evidence" in the present case is a bare allegation in a pleading.
For these reasons, the motion to remand is denied.
MOTION DENIED.
NOTES
[1] Different attorneys represented Southern Farm in the two lawsuits.