CHEHARDY, Chief Judge.
Leonard Neil Hester Jr., defendant, appealed from a judgment that granted a separation in favor of his wife, Phyllis Collier Hester, and that gave her custody of their child. The parties reached a compromise of their differences prior to the date the appeal was to be submitted on its merits. They filed a joint motion for entry of a consent judgment and for dismissal of the appeal, in which they ask us to affirm the district court’s judgment, to amend it to include their specified provisions regarding child support and other matters, and to dismiss the appeal.
We cannot grant their motion on the terms requested. First, it would be inconsistent to enter a judgment and simultaneously to dismiss the appeal. Secondly, our constitutional authority is to review judgments upon the record on appeal, not to enter judgments based on circumstances arising after the appeal was taken. La. Const. Art. 5, Sec. 10; LSA-C.C.P. art. 2164.
*911 A consent judgment is in the nature of a contract between the parties. As such, evidence of the contract — whether written or oral — must be placed in the record in order to enter the judgment. This court cannot receive evidence, therefore we cannot render a judgment based on consent of the parties not evidenced in the record on appeal.
We conclude the appropriate disposition is to vacate the judgment on appeal and to remand the case for entry of the consent judgment. See Herbert v. Travelers Indemnity Co., 232 So.2d 463 (La.1970).
Accordingly, the judgment of the district court is hereby set aside and the case is remanded to allow the parties to enter their consent judgment into the record.
SET ASIDE AND REMANDED.