613 So.2d 150 (1992)
Suzette WHITE et vir.
v.
WEST CARROLL HOSPITAL, INC. and Louisiana Hospital Association Insurance Trust Fund.
No. 92-C-1330.
Supreme Court of Louisiana.
November 30, 1992.
John E. Morton, Fuhrer, Flournoy, Hunter & Morton, Alexandria, for applicant.
Peter T. Dazzio, Watson, Blanche, Wilson & Posner, Baton Rouge, Donald J. Anzelmo, *151 Crawford & Anzelmo, Monroe, Melinda M. Tucker, David A. Dalia, Dale C. Wilks, New Orleans, for respondents.
Lawrence S. Kullman, New Orleans, for New Orleans City, and New Orleans Museum of Art, amicus curiae.
Jack A. Grant, Gretna, for Jefferson Parish School Bd., and Lafourche Parish School Bd., amicus curiae.
Kenneth F. Sills, Baton Rouge, for East Baton Rouge Parish School Bd., St. Charles Parish School Bd., Evangeline Parish School Bd., Natchitoches Parish School, amicus curiae.
William B. Baggett, Lake Charles, for Acadia Parish School Bd., Allen Parish School, Calcasieu Parish School Bd., Cameron Parish School Bd., Iberia Parish School Bd., Jefferson Davis Parish School Bd., Lafayette Parish School Bd., LaSalle Parish School Bd., St. Martin Parish School Bd., Vermillion Parish School Bd., amicus curiae.
Frederick H. Sutherland, Shreveport, for Caddo Parish School Bldg., Webster Parish School Bd., amicus curiae.
Thomas A. Raymer, New Orleans, for Roman Catholic Church, and Catholic Schools of New Orleans, amicus curiae.
Phillip A. Wittmann, Barry W. Ashe, James C. Gulotta, Jr., Douglas D. Dodd, Paul J. Masinter, New Orleans, for W.R. Grace & Co., amicus curiae.
MARCUS, Justice.
Mrs. Suzette White was hospitalized at West Carroll Hospital in May of 1987 by her treating physician, Dr. Joan Brunson, for medical problems associated with her heart condition. While hospitalized, she suffered an allergic reaction to certain types of hospital tape used by hospital employees.
On January 4, 1988, Mrs. Suzette White and her husband filed suit in the Fifth Judicial District Court (No. 19,599) asserting medical malpractice claims against West Carroll Hospital, Inc. Morris Management, Inc. was added as a party defendant on May 11, 1988. The deposition of Dr. Brunson was taken on May 4, 1988, and that of Suzette White on November 21, 1988. An exception of prematurity was filed by the hospital and heard by the trial judge. On August 31, 1988, the trial judge issued "Reasons for Judgment" indicating that the suit was premature and should be dismissed. The record does not reveal that a judgment was signed by the trial judge. Subsequently, a medical review panel was convened. On March 15, 1989, it rendered an opinion in favor of the hospital.
On April 24, 1989, Mrs. Suzette White and her husband brought the present suit (No. 20,060) against West Carroll Parish Hospital, Inc., West Carroll Hospital, Inc. and Morris Management, Inc. (hospitals) in the same judicial district court alleging the same medical malpractice claims as in the prior suit. Defendants answered, denying the allegations of the petition, and filed a third party demand against Dr. Brunson, alleging that in the event defendants were liable to Mrs. White, then their fault was predicated on the actions or inactions of Dr. Brunson. On November 28, 1989, plaintiffs filed a supplemental and amending petition adding Dr. Brunson and her insurer, Louisiana Medical Mutual Insurance Company (LAMMICO), alleging solidary liability with the hospitals.
Dr. Brunson and LAMMICO filed exceptions of prematurity and prescription to plaintiffs' amending petition. Relying upon La.R.S. 9:5628,[1] the trial judge found that on the face of the petition, plaintiffs' action against Dr. Brunson and LAMMICO *152 had prescribed since suit was not filed against them until almost two years after the alleged acts of malpractice occurred. The trial judge further found that prescription had not been suspended pursuant to La.R.S. 40:1299.41 G in that plaintiffs failed to act against Dr. Brunson and LAMMICO within the ninety day suspension period which commences when the review panel is convened.[2] The trial judge found that the filing of the present suit against the hospitals on April 24, 1989 did not serve to interrupt prescription as to Dr. Brunson and LAMMICO, alleged solidary obligors with the hospitals, since the claims were already prescribed against them when this suit was filed. Last, the trial judge rejected plaintiffs' claim based on the doctrine of contra non valentem, finding that evidence supported the conclusion that Mrs. White had actual and at least constructive knowledge sufficient to cause prescription to commence more than one year prior to the filing of the instant suit against Dr. Brunson and LAMMICO. On May 23, 1991, the trial judge granted the exception of prescription in favor of Dr. Brunson and LAMMICO, dismissing plaintiffs' claims.[3]
Plaintiffs appealed. On appeal, plaintiffs attempted to supplement the record in this proceeding (No. 20,060) with the record of the prior suit (No. 19,599).[4] Also, during the pendency of the appeal, the Louisiana Legislature passed Act No. 661, effective September 6, 1991, which amended certain provisions of the Louisiana Medical Malpractice Act regarding prescriptive periods. In essence, La.R.S. 40:1299.41 G and 40:1299.47(A)(2)(a) were amended to provide that the filing of a claim with the medical review panel suspends prescription with regard to non-named solidary obligors to the same extent that prescription is suspended for those named in the request for review by the panel.[5] On appeal, plaintiffs *153 first argued that suit No. 19,599 served to interrupt prescription against Dr. Brunson and LAMMICO. Supplementation of the record in the present suit with the record in suit No. 19,599 would support this claim. Second, they argued that the doctrine of contra non valentem should apply to prevent the commencement of the running of prescription and that the refusal of the trial court to allow additional evidence regarding constructive knowledge and concealment of information was error. Third, plaintiffs argued that Act 661 should be applied retroactively to suspend the running of prescription on the medical malpractice claims against Dr. Brunson and LAMMICO.
The court of appeal affirmed the judgment of the trial court. Finding that the supplemental record of suit No. 19,599 was not part of the appellate record, it refused to supplement the record on appeal. Second, the court of appeal rejected plaintiff's argument on the application of the doctrine of contra non valentem and found that the trial court did not abuse its discretion in disallowing additional evidence. Third, it refused to apply the provisions of Act 661 of the 1991 Louisiana Legislature retroactively. It affirmed the granting of the exception of prescription dismissing plaintiffs' suit against Dr. Brunson and LAMMICO with prejudice.[6] On plaintiffs' application, we granted certiorari to review the correctness of that decision.[7]
The issues presented for our review are (1) whether the existence of suit No. 19,599 served to interrupt prescription against Dr. Brunson and LAMMICO, alleged solidary obligors with the hospitals and whether the record in this suit should be supplemented by the record in suit No. 19,599; (2) whether the doctrine of contra non valentem should apply to prevent the commencement of the running of prescription against Dr. Brunson and her insurer and whether the trial court abused its discretion in disallowing additional evidence on constructive knowledge and concealment of knowledge; and (3) whether Act 661 of the 1991 Louisiana Legislature should be applied retroactively.[8]

INTERRUPTION OF PRESCRIPTION BY THE PRIOR SUIT
For the first time on appeal, plaintiffs argued that prescription of the medical malpractice claims against Dr. Brunson and LAMMICO was interrupted by the filing of suit No. 19,599 against West Carroll Hospital, Inc. and Morris Management, Inc., alleged solidary obligors with Dr. Brunson and LAMMICO, and that such interruption continued as long as that suit remained pending. Plaintiffs argue that the appellate court should have considered the record from suit No. 19,599 or alternatively, that the case should have been remanded to the trial court to permit the introduction of the record from suit No. 19,599 into the record of this suit. They cite as authority La.Code Civ.P. arts. 2164 and 2132.
La.Code Civ.P. art. 2164 provides in pertinent part:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.
La.Code Civ.P. art. 2132 provides:
A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected *154 even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.
The court of appeal rejected these articles as authority to supplement the record on appeal. Because the record of the prior suit was not introduced in evidence in the trial court, the court of appeal would not consider it in the disposition of the appeal.
The court of appeal was correct. To receive the record in prior suit No. 19,599 in evidence in this suit would constitute the taking of evidence and the exercise of original jurisdiction in a matter in which neither the court of appeal nor this court is vested with authority to do so. This is not a matter dealing with correcting erroneous records or supplementing records which are deficient as to matters actually introduced in evidence. Barber v. Testa, 331 So.2d 139, 140 (La.App. 3d Cir.1976). Accordingly, this court cannot consider evidence which was not part of the record made in the trial court in this suit.
In Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463, 464 (1970), this court stated that La.Code Civ.P. art. 2164 authorizes an appellate court to remand a case when it is a just and proper disposition based upon the record. A remand for new evidence must be based upon examination of the merits. It is warranted only when the state of the record is such that the new evidence is likely to affect the outcome of the case. Id. 232 So.2d at 464-65.
The court of appeal, without reasons, rejected plaintiffs' alternative request to remand to the trial court to supplement the record. Volumes III and IV which contain the record in suit No. 19,599 have been included with the record filed with this court. We find it appropriate, based upon Herbert, to examine the record to determine if its inclusion would affect the outcome of the issue of whether or not prescription is interrupted in this suit by the prior suit. If so, then a remand to the trial court to include the evidence and decide the issue of prescription would be warranted.
Our review of the record in suit No. 19,599 reveals that a petition for damages was timely filed on January 4, 1988 by plaintiffs against West Carroll Hospital, Inc. Morris Management was added as a party defendant on May 11, 1988. An exception of prematurity was filed by the hospital on January 28, 1988 and heard on March 31, 1988. On August 31, 1988, the trial judge in his written "REASONS FOR JUDGMENT" indicated that the suit was premature and should be dismissed. The reasons for judgment stated that "[a] judgment should be prepared in accordance with these Reasons for Judgment, submitted to opposing counsel for approval as to form, and submitted to the Court for signing." No judgment is contained in the record. No motion to dismiss the suit against Morris Management is contained in the record.[9]
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La.Civ.Code art. 3463. A timely filed suit pending against one solidary obligor continues the interruption of prescription as to all purported solidary obligors. Herbert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986).
In Herbert, plaintiff fell and sustained injuries while a patient at a hospital. In 1976, within a year of her injuries, she filed a malpractice suit against the hospital. In 1982, plaintiff executed a receipt and release in favor of the hospital. In 1983, seven years after the filing of the suit against the hospital, plaintiff added Dr. Morgan as a defendant alleging solidary *155 liability with the hospital. In 1984, the receipt and release was entered into the record of the suit and a judgment was rendered dismissing the hospital. Dr. Morgan filed an exception of prescription arguing that the receipt and release executed in 1982 served to terminate the cause of action against the hospital at that time and thus the suit against him in 1983 was untimely. This court held that the timely filed suit against the hospital was still "pending" in 1983 when Dr. Morgan was added as a defendant despite the execution of the receipt and release in favor of the hospital a year earlier because no final judgment dismissing the suit was filed until 1984. Thus, plaintiff's suit against the hospital, an alleged solidary obligor with Dr. Morgan, was pending until early 1984, three months after plaintiff, by amending petition, added Dr. Morgan. Consequently, prescription was interrupted as to the claim against Dr. Morgan. Herbert, 486 So.2d at 725.
In the instant case, the first suit (No. 19,599) was timely filed against West Carroll Hospital, Inc. on January 4, 1988. Morris Management was added on May 11, 1988. An exception of prematurity was filed by the hospital and heard by the trial judge. The trial judge in his written reasons for judgment indicated that the suit was premature and should be dismissed and further stated that "a judgment should be prepared in accordance with the reasons for judgment, submitted to opposing counsel for approval as to form, and submitted to the Court for signing." No judgment was entered into the record.
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment. La.Code Civ.P. art. 1918. Where there are only written reasons and no separate signed judgment, there is no final judgment. Fisher v. Rollins, 231 La. 252, 91 So.2d 28, 31 (1956); Bordelon v. Dauzat, 389 So.2d 820, 822 (La.App. 3d Cir.1980). Thus, under the reasoning set forth in Herbert v. Doctors Memorial Hospital, the claim against the hospital in suit No. 19,599 would still be pending since no signed judgment is contained in the record. Moreover, plaintiffs assert that the claim against Morris Management, Inc. in suit No. 19,599 was never dismissed and is still pending and this claim serves to interrupt prescription as to the claims against Dr. Brunson and LAMMICO.[10]
Since we think plaintiffs' claim that prescription has been interrupted during the pendency of the first suit may well have merit, we see no reason to deny plaintiffs' request to remand this case to the trial court to supplement the record in this suit with that of the first suit. Herbert v. Travelers Indemnity Co., supra; see also Brister v. Southern Baptist Hospitals, Inc., 555 So.2d 641, 644 (La.App. 4th Cir. 1989) (because prescriptive statutes are strictly construed by the courts, justice, fairness and equity required a remand to the trial court for consideration of a previously filed suit in a medical malpractice action and its effect on the running of prescription).
We will now address the remaining issues assigned as error to this court.

CONTRA NON VALENTEM
Plaintiffs contend they were unaware of any medical malpractice claim they may have had against Dr. Brunson until the hospital submitted a medical review panel position paper on March 13, 1989, which suggested for the first time that Dr. Brunson was at fault. Accordingly, plaintiffs assert that, under the doctrine of contra non valentem, prescription would not begin to run in favor of Dr. Brunson and her insurer until that time.
Under the doctrine of contra non valentem, prescription does not begin to run until the plaintiff knows sufficient facts and has a reasonable basis for filing suit against a certain defendant. Contra non valentem in medical malpractice suits has been embodied in La.R.S. 9:5628. Prescription *156 does not run against one who is ignorant of the facts upon which his cause of action is based as long as such ignorance is not willful, negligent or unreasonable. In re Howard, 573 So.2d 472, 474 (La.1991).
The courts below correctly rejected this argument. They found that plaintiffs knew of the injuries by the end of Mrs. White's hospitalization on May 15, 1987. Dr. Brunson was Mrs. White's treating physician. Plaintiffs took the deposition of Dr. Brunson on May 4, 1988. The courts below found that plaintiffs had actual or constructive knowledge of the relationship between the treating physician and the injuries sustained due to medical treatment prior to the allegations by the hospitals in their third party demand. Since the hospitals' allegations of medical negligence against Dr. Brunson are based on the same medical records and deposition testimony which was always available to plaintiffs, we find it necessary to reject, as did the courts below, the argument that the hospitals attempted to conceal or mislead plaintiffs into inaction. We find it unreasonable for plaintiffs to rely on the allegations of the hospitals in their third party demand against Dr. Brunson as the first notice to plaintiffs of a possible connection between the medical treatment and injuries received. Hence, we reject the application of contra non valentem, finding that the causation between treatment and injuries was reasonably knowable prior to one year from the filing of the instant suit against Dr. Brunson and LAMMICO.[11]

RETROACTIVE APPLICATION OF ACT 661
Plaintiffs argue that La.R.S. 40:1299.41 G and La.R.S. 40:1299.47(A)(2)(a), as amended by Act 661 of the 1991 Louisiana Legislature, should be applied to this case. Act 661 became effective on September 6, 1991, several months after the trial judge granted the exception of prescription in favor of Dr. Brunson and LAMMICO and while the suit was pending in the court of appeal. Plaintiffs contend that the amended statutes should be applied retroactively. Retroactive application would make the amended petition adding Dr. Brunson and LAMMICO as defendants timely filed.[12] Defendants argued that the amended statutes cannot be constitutionally applied to revive a prescribed cause of action without affecting vested rights of Dr. Brunson and LAMMICO.[13]
The court of appeal held that the amended statutes could not be applied retroactively to suspend the running of prescription on a claim which had already prescribed prior the effective date of Act 661. *157 Since we have decided that plaintiffs' claims against Dr. Brunson and LAMMICO may still be viable on other grounds, we will not reach the issue of whether the amended statutes should be retroactively applied in this case since to do so would require us to address the constitutionality of the statutes as applied. Instead, we will adhere to the well established rule that a court should not pass on the constitutionality of legislation unless it is essential to the decision of the case or controversy. Benson & Gold Chevrolet, Inc. v. The Louisiana Motor Vehicle Comm., 403 So.2d 13, 23 (La.1981).
In sum, we conclude that plaintiffs' claims against Dr. Brunson and LAMMICO have prescribed unless the existence of suit No. 19,599 has interrupted the running of prescription on these claims. Therefore, we will remand the case to the trial court to address this issue, giving plaintiffs the opportunity to supplement the existing record in this suit with the record in suit No. 19,599. Since we did not reach the issue of whether Act 661 should be retroactively applied and since it was not before the trial judge, plaintiffs may urge this contention on remand. The right to appeal to the court of appeal is reserved to the parties.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the grant of the exception of prescription in favor of Dr. Brunson and LAMMICO is vacated and set aside. The case is remanded to the district court for further proceedings according to law and consistent with the views expressed herein. All costs are assessed against defendants.
LEMMON, J., concurs and assigns reasons.
DENNIS, J., concurs in part and dissents in part with reasons.
DENNIS, J., concurring in part and dissenting in part.
I respectfully concur in the part of this court's decree which vacates the court of appeal's judgment and remands this case for further proceedings. I do not, however, join in the majority's resolution of the other issues. I would explicitly vacate the trial court's judgment and direct it to allow the parties to introduce evidence on interruption of prescription by either prior suit or by contra non valentem. On the latter point, it appears that the trial court incorrectly denied plaintiff's access to court by preventing her from presenting evidence at the trial of the exception of prescription.
NOTES
[1] La.R.S. 9:5628 provides the period for filing medical malpractice suits and states in pertinent part:

No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, hospital duly licensed under the laws of this state ... arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
[2] La.R.S. 40:1299.41 G (pre-1991 amendment) provided for suspension of prescription with regard to solidary obligors in a medical malpractice action as follows:

G. Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended for a period of ninety days after a panel is formed under the provisions of this Part, provided a claim is made against the in solido obligor either under the provisions of this Part or in a court of law within the ninety day period. For the purpose of this Part, the panel shall be deemed to be formed on the date that the third health care provider member of the panel is chosen.
Even though the date of the selection of the third panel member was not evident from the record, the trial judge noted that the panel rendered its opinion on March 15, 1989, and suit was not filed against Dr. Brunson and LAMMICO until November 28, 1989, over ninety days after this date. Moreover, plaintiffs did not convene a medical review panel against them within ninety days.
[3] The exception of prematurity for failure to convene a medical review panel prior to filing suit was dismissed as moot. So was a motion to strike a certain member from the panel.
[4] Plaintiffs attempted to supplement the record with two additional volumes (Vols. III and IV) consisting of the transcripts and pleadings from suit No. 19,599. Dr. Brunson and LAMMICO filed a motion to strike these volumes from the record as well as any references in plaintiffs' briefs to suit No. 19,599 on the ground that at no time during the trial on the exception of prescription was the record from suit No. 19,599 offered in evidence. In response, plaintiffs filed an "Opposition To Motion To Strike Or Alternatively, Appellants' Motion To Formally Supplement The Record On Appeal Or Alternatively, Motion for Remand."
[5] La.R.S. 40:1299.41 G as amended by Act 661 provides:

Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.47(A)(2)(a).
La.R.S. 40:1299.47(A)(2)(a) as amended by Act 661 provides in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel.... The filing of a request for review of a claim shall suspend the running of prescription against all solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
[6] 598 So.2d 1134 (La.App. 2d Cir.1992).
[7] 600 So.2d 672 (La.1992).
[8] The issue of the retroactive application of Act 661 to revive a prescribed claim has attracted the attention of several amici. The City of New Orleans and the New Orleans Museum of Art were granted leave to file joint briefs as amicus curiae in support of plaintiffs. Several parish school boards along with the Roman Catholic Church of the Archdiocese of New Orleans and various catholic schools were also granted leave to file a joint brief as amicus curiae in support of plaintiffs. W.R. Grace & Co.-Conn. was granted leave to file briefs as amicus curiae in support of Dr. Brunson and LAMMICO. Amici have an indirect interest in the outcome of this litigation because they are involved in federal litigation in which the retroactive application of the asbestos abatement statute, La.R.S. 9:5644, is at issue. The motion of the attorney general to intervene on the basis of the constitutionality of the retroactive application of Act 661 was granted by this court.
[9] The "Clerk's Certificate of Transcript" from the Clerk of the Fifth Judicial District Court states that the 46 pages of suit No. 19,599 filed in Volume IV constitute the complete record and filings. The court minutes in Volume IV refer to a "note of evidence" on the hearing in suit No. 19,599 which is contained in Volume III. Volumes I and II constitute the record in suit No. 20,060 along with part of Volume IV.
[10] In their brief to this court, plaintiffs assert that the Clerk of the Fifth Judicial District Court merely assigned a new suit number to the refiled medical malpractice action.
[11] Ancillary to the argument that the doctrine of contra non valentem should apply, plaintiffs assigned as error before this court the trial court's refusal to allow additional evidence at the hearing. Plaintiffs subpoenaed Dr. Brunson to appear at the prescription hearing to testify and to produce certain documents. Plaintiffs argued that aspects of the case were not explored in the earlier deposition since the focus of the prior deposition was based solely on the alleged negligence of the hospitals and not that of Dr. Brunson. The trial court quashed the subpoena. On appeal, plaintiffs asserted the trial judge made credibility determinations about Mrs. White's constructive knowledge, without the benefit of observing the demeanor of the parties and their witnesses. The court of appeal found no abuse of discretion of the trial court. We agree. This assignment of error is based upon conclusory statements. The issue of the constructive knowledge of Mrs. White of the alleged negligence of Dr. Brunson could be sufficiently determined on the basis of the evidence before the trial court.
[12] Under the amended provisions, the trigger date for the ninety day suspension period was changed from the date of panel formation to the date notice was provided of the panel opinion. In addition, Act 661 eliminated the condition in former La.R.S. 40:1299.41 G that claims against non-named solidary obligors be brought during the ninety day suspension period after panel formation and provided that prescription is suspended the same as against the party or parties that are the subject of the request for review by a medical review panel. Since the present suit was timely filed against the hospital, then prescription would be interrupted against all other non-named alleged solidary obligors.
[13] The "vested right" referred to is the right to plead the defense of accrued prescription that defendants acquired as a result of the expiration of the prescriptive period under the statutes pre-amendment. If this right is a "vested" right, then the retroactive application of the statutes would result in a violation of the due process clause of our state and/or federal constitutions.