933 So.2d 786 (2006)
Kendrith & Onnie NICHOLS, et al.
v.
STATE FARM FIRE & CASUALTY CO.
No. 2006-C-1017.
Supreme Court of Louisiana.
July 10, 2006.
*787 PER CURIAM.
WRIT GRANTED; JUDGMENT OF THE COURT OF APPEAL AFFIRMED, IN PART, REVERSED, IN PART, AND RENDERED. In the present case, the Court of Appeal set aside the judgment of the trial court, finding no evidence to support the trial court judgment; notwithstanding, the appellate court remanded the case to the trial court for the taking of evidence "so that the cost of the proposed repairs, salvage value, and actual cash value can be determined." Kendrith Nichols and Onnie Nichols v. State Farm Fire & Casualty Co., 05-1349, slip op. at 4, 926 So.2d 165 (La.App. 3 Cir. 4/5/06).
Louisiana law favors the prompt disposition of cases for the benefit of the litigants who have had their day in the trial court. The protraction of litigation to receive evidence that should have been adduced at the original trial is to be avoided. Texas Pipe Line Co. v. Johnson, 223 La. 380, 65 So.2d 884 (1953); Our Lady of the Lake Hospital, Inc. v. Carboline Co., 632 So.2d 339 (La.App. 1 Cir.1993), writs denied, 94-0287 (La.3/25/94), 635 So.2d 228, and 94-0753 (La.5/6/94), 637 So.2d 1052. In the administration of justice, courts of appeal are granted the right to remand a case under certain circumstances for the introduction of additional evidence. Texas Pipe Line Co., 65 So.2d at 886. Nevertheless, as we stated in Bayou Rapides Lumber Co. v. Campbell, 215 La. 849, 41 So.2d 781, this procedure "is one which must be sparingly exercised." Id. at 782. This Court is not "disposed to permit litigants to try their cases by piecemeal and continue protracted litigation as to facts that could have been established on the original trial." Kennebrew v. Louisiana Ice Co., Inc., 216 La. 472, 43 So.2d 798, 808 (1949).
In the present case the appellate court erred when it remanded the case without determination of whether the plaintiffs exercised due diligence in obtaining the evidence necessary to support the trial court's judgment. Love v. AAA Temporaries, Inc., 03-1460 (La.10/17/03), 858 So.2d 410; Herbert v. Travelers Indemn. Co., 255 La. 645, 232 So.2d 463 (1970). Although State Farm has referenced in its writ application that the evidence in the present case was obtainable with due diligence at the original trial, the plaintiffs concur in the propriety of the remand, relying solely on the broad discretionary power enunciated in LA.CODE CIV. PROC. ANN. art. 2164. The plaintiffs do not make any assertion in their opposition to State Farm's writ application that the evidence was unobtainable at the time of trial in the district court. Considering the well-established jurisprudence and the facts of the present case, we affirm the appellate court's reversal of the trial court judgment, in part, but reverse the appellate court's judgment ordering a remand of this matter.
CALOGERO, C.J., and KNOLL, J., dissent and assign reasons.
WEIMER, J., dissents.
CALOGERO, Chief Justice, dissenting:
I dissent for the reasons assigned by Justice Knoll, and because I would respect the court of appeal's discretionary call, which in this case serves the ends of justice. In all events, we should not reverse the court of appeal without bringing this case up for a full review.
*788 KNOLL, Justice, dissenting.
I respectfully dissent from the Court's decision to grant State Farm's writ application,[1] in part, and to reverse the appellate court's remand of this case to the trial court for the taking of additional evidence.
Courts of appeal have the authority under LA.CODE CIV. PROC. ANN. art. 2164 to remand a case for the introduction of additional evidence if grave injustice might result from failure to do so. Mack v. Southern Farm Bureau Casualty Insurance Company, 434 So.2d 594, 595 (La.App. 1 Cir.1983), writ denied, 449 So.2d 1346 (La. 1984). A remand for the introduction of additional evidence is warranted only when the new evidence is likely to affect the outcome of the case. White v. West Carroll Hospital, Inc., 613 So.2d 150, 154 (La. 1992).
Although the trial court found the plaintiffs' home was liveable, it nonetheless found the evidence uncontroverted that more probable than not their home could not be returned to pre-fire status and State Farm was liable to them under the home owner's policy. The appellate court agreed State Farm was liable to the plaintiffs for the fire damage, but found no evidence bearing upon the salvage value and actual cash value of the home, as well as the proposed repairs. Under these facts, I find the appellate court acted properly under LA.CODE CIV. PROC. ANN. art. 2164 when it remanded this case for the taking of additional evidence. The failure to order a remand will result in a grave injustice to these homeowners. For these reasons, I would deny State Farm's writ application and allow the remand of this matter to the trial court for the taking of additional evidence.
NOTES
[1] "Within thirty days of the mailing of the notice of the judgment and opinion of the court of appeal, a party may apply to the supreme court for a writ of certiorari." LA. CODE CIV. PROC. ANN. art. 2166. State Farm Fire & Casualty Co. is the only party who filed a writ application with this Court after the appellate court rendered judgment on April 5, 2006.