858 So.2d 410 (2003)
Elfredroe LOVE
v.
AAA TEMPORARIES, INC., et al.
No. 2003-C-1460.
Supreme Court of Louisiana.
October 17, 2003.
Rehearing Denied December 12, 2003.
PER CURIAM.
WRIT GRANTED; TRIAL COURT JUDGMENT REINSTATED. We find the trial court did not abuse its discretion in refusing defendant's request to supplement the record and to re-determine the issue of insurance coverage. This case had its genesis in 1991 and has been pending since that time. Despite numerous discovery requests from the plaintiff beginning in 1998 about the existence of any Longshore and Harbor Worker's Compensation policy and interrogatories relative to any change documents which would have added Louisiana to any such policy, the trial court noted that it was not until this case was on appeal, almost nine years post-accident, when the *411 defendant "discovered" information pertinent to this matter. As observed by the trial court, even when the plaintiff moved for partial summary judgment on the issue of whether the defendant had worker's compensation insurance coverage on the date of the accident, the defendant presented no evidence on this issue. The law favors a prompt disposition of cases for the benefit of litigants who have had their day in the trial court. Protracting the litigation to receive evidence that should have been obtained for the original trial is to be avoided. Texas Pipe Line Co. v. Johnson, 223 La. 380, 65 So.2d 884 (1953); Our Lady of the Lake Hospital, Inc. v. Carboline Co., 632 So.2d 339, writs denied, 94-0287 (La.3/25/94), 635 So.2d 228, and 94-0753 (La.5/6/94), 637 So.2d 1052.
Although the appellate court considered that a remand was warranted because it found the new evidence was likely to affect the outcome of the case, it failed to consider the question of whether the evidence was unobtainable with due diligence for the original trial. See Herbert v. Travelers Indemn. Co., 255 La. 645, 232 So.2d 463 (1970). The remand of a case without rendering a decision so as to have the district court receive new evidence requires the appellate court to set aside the existing judgment. Such authority should be sparingly exercised. Texas Pipe Line Co., supra.
The Court of Appeal set aside the judgment and remanded the case without an examination of the question of whether the defendant exercised due diligence in obtaining this pivotal evidence. We hold the Court of Appeal erred in this regard. Herbert, 232 So.2d at 465 (holding that the Court of Appeal set aside the judgment and remanded the case without an examination of the merits and without a showing that the evidence was unobtainable with due diligence for the original trial). Accordingly, we find the trial court did not abuse its discretion in finding that the defendant could have discovered this evidence with due diligence prior to the time when the case was on appeal.
For the foregoing reasons, the trial court judgment denying Apex Oil Company's motion to supplement the record is reinstated and thus, the trial court's prior partial summary judgment in favor of Elfredroe Love on the question of insurance coverage is now reinstated.
VICTORY, J., would deny the writ and dissents from the order.