916 So.2d 1078 (2005)
DAIGLE & ASSOCIATES, APLC
v.
LAFAYETTE INSURANCE COMPANY.
No. 2004 CA 0915.
Court of Appeal of Louisiana, First Circuit.
June 29, 2005.
*1079 Michael Fisse, James L. Bradford, III, Covington, Counsel for Plaintiff/Appellee Daigle & Associates, APLC.
William C. Lozes, Patricia P. Barattini, Covington, Counsel for Defendant/Appellant Lafayette Insurance Company.
Before: GUIDRY, GAIDRY, and McCLENDON, J.J.
McCLENDON, J.
Defendant appeals a partial summary judgment wherein the trial court determined that coverage exists under an insurance policy issued by the defendant to the plaintiff for losses sustained by the plaintiff. For the following reasons, we dismiss the appeal.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Daigle & Associates, APLC, filed suit for breach of contract against defendant, Lafayette Insurance Company, seeking damages, penalties, attorney's fees and costs based on defendant's failure to pay claims made for losses incurred due to theft and criminal acts by plaintiff's former employee in 2001 and 2002. The insurance policy covered certain business losses during the two relevant successive years' policy periods.
Plaintiff and defendant both filed cross-motions for summary judgment based on coverage. Plaintiff asserted alternative theories of coverage under the same policy, whereas defendant asserted that the policy does not provide coverage at all. The trial court scheduled the hearing on the motions ordering, with consent of the parties, that the only issue to be determined was coverage and not damages. After the hearing and further briefing, the trial court partially granted plaintiff's motion for summary judgment finding coverage under one section of the insurance policy, but denied plaintiff's motion for summary judgment under an alternate provision, stating that those facts needed to be established at trial.[1] The trial court designated the judgment as final and expressly determined that there was no just reason for delay, but gave no reasons. Defendant appealed the partial grant of plaintiff's motion for summary judgment and sought writs on the denial of its own motion.[2]

DISCUSSION
Pursuant to LSA-C.C.P. art. 1915 B, the trial court designated the judgment as final *1080 and made an express determination that there was no just reason for delay.[3] However, the trial court did not provide reasons for its determination. Accordingly, we are required to examine the record to determine the propriety of the certification. If some justification is apparent, a de novo determination of whether the certification was proper is required. R.J. Messinger, Inc. v. Rosenblum, 04-1664, pp. 13-14 (La.3/2/05), 894 So.2d 1113, 1122.
Factors to be considered by a trial court, although not exclusive, when determining whether a partial judgment should be certified as appealable include: 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the trial court; 3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and 4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. R.J. Messinger, Inc., 04-1664 at p. 14, 894 So.2d at 1122-23. Nevertheless, the overriding inquiry for the trial court is whether there is no just reason for delay. Id.
The supreme court recognized that "[h]istorically, we have a policy against multiple appeals and piecemeal litigation. We also ensure that our courts operate under principles of sound judicial administration to promote judicial efficiency and economy." R.J. Messinger, Inc., 04-1664 at p. 13, 894 So.2d at 1122. Thus, a trial court, when considering certification, must take into account judicial administrative interests as well as the equities involved. Article 1915 "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Id.
An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer, and their agreement governs the nature of their relationship. LSA-C.C. art. 1983. The parties' intent as reflected by the words of the policy determines the extent of coverage. LSA-C.C. art. 2045. An insurance contract is construed as a whole, and each provision in the policy must be interpreted in light of the other provisions so that each is given meaning. LSA-C.C. art. 2050. Thus, one portion of the policy should not be construed separately at the expense of disregarding another portion of the policy. Crabtree v. State Farm Insurance Co., 93-0509 (La.2/28/94), 632 So.2d 736, 741; Davenport v. Prudential Property & Cas. Ins. Co., 03-2593, p. 5 (La.App. 1 Cir. 10/29/04), 897 So.2d 98, 102, writ denied, 04-2900 (La.2/4/05), 893 So.2d 882.
In light of the above considerations and based on the record before us, we fail to find a valid final and appealable judgment.[4]See LSA-C.C.P. art. 2083. We find no compelling reason to designate the partial summary judgment appealed herein *1081 as final. The issue raised in this appeal is whether a particular provision of defendant's insurance policy covers the losses at issue herein. A determination on appeal of coverage based on one provision in the policy will not necessarily moot the need for review of a subsequent decision by the trial court based on different provisions of the same policy. Additionally, if coverage is determined to exist under any of the alternate theories of recovery under the policy, unadjudicated claims for damages still remain. Further, we see no undue prejudice caused by any delay. Entertaining the appeal at this time does nothing more than promote piecemeal litigation. The partial summary judgment at issue should not be certified, as it is unlikely that this appeal will resolve all litigation arising from multiple coverage issues based on alternate theories of recovery under different sections of the same policy. We find no circumstances herein that would necessitate an immediate review on appeal.

CONCLUSION
In conclusion, we find that the trial court improperly designated the partial summary judgment appealed herein as a final judgment. Therefore, we dismiss the appeal. Costs of this appeal are assessed to the defendant.
APPEAL DISMISSED.
GUIDRY, J., concurs.
NOTES
[1] Plaintiff's motion for summary judgment was partially granted and partially denied as follows: plaintiff was afforded coverage under Money and Securities coverage; coverage was available under two different Lafayette policy periods for 2001 and 2002; the Money and Securities coverage was modified by the policy's crime general provisions; the Money and Securities coverage is subject to a $2,000 per occurrence limitation with a $250 per occurrence deductible; each act of employee theft constitutes a separate occurrence under the policy subject to a $2,000 per occurrence limit and a $250 deductible; and the motion for summary judgment was denied under the Business Loss of Income coverage due to genuine issues of material fact.
[2] This Court ordered that the writ application be referred to this appeal panel. The writ application is handled in a separate action sheet.
[3] LSA-C.C.P. art. 1915 B(1) provides:

When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
[4] After consideration of the record, the reasons for designation as a final judgment were not apparent and we therefore invited the trial court to issue a per curiam. See R.J. Messinger, Inc., 04-1664 at p. 14, 894 So.2d at 1122. However, no reasons for the certification were provided.