STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0194

RACHEL O'CONNELL

VERSUS

ALLSTATE INSURANCE COMPANY

Judgment Rendered: _____**JUL 0 2 2021**_____

\* \* \* \* \*

On Appeal from the
21st Judicial District Court
Parish of Livingston, State of Louisiana
Trial Court No. 161,220

The Honorable Brian K. Abels, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Robert W. Hallack<br>Baton Rouge, Louisiana | Attorney for Plaintiff-Appellant,<br>Rachel O'Connell |
| Charles L. Chassaignac, IV<br>J. Murphy Delaune<br>Baton Rouge, Louisiana | Attorneys for Defendant-Appellee,<br>State Farm Mutual Automobile<br>Insurance Company |

\* \* \* \* \*

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**WOLFE, J.**

Plaintiff appeals a judgment that dismissed her claims against an insurer based on the district court's conclusion that the uninsured/underinsured motorist ("UM") policy at issue did not provide coverage. On appeal, the parties acknowledge the existence of a second UM policy that potentially provides coverage to plaintiff. For the following reasons, we vacate the district court's judgment dismissing plaintiff's claims and remand this matter for further proceedings.

## FACTS

On September 18, 2017, Rachel O'Connell was traveling southbound on La. Highway 16 in Pine Grove, Louisiana, when she was rear-ended by a vehicle driven by Travis Boudreaux. Ms. O'Connell alleges that she suffered injuries as a result of the collision, and she ultimately settled her claims against Mr. Boudreaux and his liability insurer, Liberty Mutual Insurance Company.

On October 31, 2018, Ms. O'Connell filed the instant suit against Allstate Insurance Company, alleging that Allstate provided UM coverage for the vehicle Ms. O'Connell was driving.[1] On May 30, 2019, she amended her petition to name State Farm Mutual Automobile Insurance Company as a defendant, alleging that State Farm also provided UM coverage.

With regard to State Farm, Ms. O'Connell alleged that she was driving a 2014 Chevrolet C1500 pickup truck owned by her boyfriend, Ronald Inman, at the time of the accident. Ms. O'Connell alleged that because she was the mother of Mr. Inman's children and a member of his household, she was entitled to State Farm UM coverage under Mr. Inman's UM policy (Policy No. 277 0455-A21-18A).

---

[1] Allstate was later dismissed on November 6, 2020.

State Farm subsequently filed a motion for summary judgment, urging that it provided no UM coverage to Ms. O'Connell under the policy at issue because she "was not a resident relative of [Ronald Inman] at the time of the accident." Following a hearing, the district court signed a judgment on November 16, 2020, granting State Farm's motion for summary judgment. The judgment further provided that Ms. O'Connell's "claims against State Farm Mutual Automobile Insurance Company are dismissed with prejudice[.]" Ms. O'Connell filed the instant appeal to seek review of the November 16, 2020 judgment.

After the record was lodged with this court, Ms. O'Connell and State Farm (hereinafter collectively "movers") filed a "Joint Motion to Remand to District Court." In the motion, movers request that this court grant Ms. O'Connell's "appeal and remand this matter to the 21st Judicial District for further proceedings."

## DISCUSSION

In their motion, movers note that the summary judgment was granted on the basis that "no coverage existed for [Ms. O'Connell] under State Farm policy [no.] 277 0455-A21-18A." The movers aver that after Ms. O'Connell prepared her appellate brief, State Farm "discovered new policy information that indicates that coverage is available to [Ms. O'Connell] under a separate State Farm policy." As such, State Farm asserts that while the basis for its motion for summary judgment was correct as to the referenced policy, Ms. O'Connell's "appeal should nevertheless be granted, and this matter remanded to the 21st Judicial District Court for further proceedings, as other coverage with State Farm existed for [Ms. O'Connell] at the time of the subject accident."

Pursuant to La. Code Civ. P. art. 2164, courts of appeal have the power to remand a case for the introduction of additional evidence if grave injustice might result from failure to do so. **Cottonport Bank v. Garrett**, 2012-0688 (La. App.

3

1st Cir. 12/21/12), 111 So.3d 431, 436, <u>writ denied</u>, 2013-0165 (La. 3/1/13), 108 So.3d 1182. Such a remand is warranted only when the new evidence is likely to affect the outcome of the case. **Id.** However, the power to remand on this basis should be used sparingly. **Id.** at 437. Whether a particular case is remanded is a matter over which the court has much discretion and is governed by the particular facts and circumstances of each case. **Id.** When the appellate court remands the case without rendering a decision so the district court may receive new evidence, the appellate court is required to set aside the existing judgment. **Love v. AAA Temporaries, Inc.**, 2003-1460 (La. 10/17/03), 858 So.2d 410, 411 (*per curiam*).

In light of the movers' acknowledgement that State Farm may have issued a policy that provides UM coverage to Ms. O'Connell, we agree that a remand is appropriate in this case. In their motion, the movers also request that this court "grant the ... appeal[.]" However, the sole issue before this court on appeal is whether policy no. 277 0455-A21-18A provided coverage to Ms. O'Connell.[2] Effectively, a "grant of the appeal" would require this court to consider whether coverage is afforded Ms. O'Connell under the referenced policy. Given the movers' acknowledgment that coverage may be afforded Ms. O'Connell under a different policy issued by State Farm, we make no determination as to the merits of the underlying appeal insofar as doing so at this time would run contrary to the policy against piecemeal litigation. <u>See e.g.</u>, **Daigle & Associates, APLC v. Lafayette Ins. Co.**, 2004-0915 (La. App. 1st Cir. 6/29/05), 916 So.2d 1078, 1080-81 (finding appellate review not warranted where a determination of coverage based on one provision of an insurance policy would not moot the need for review of a subsequent decision by the trial court based on different provisions of the same policy).

---

[2] This court's review is limited to the record before it as it existed at the time the underlying judgment was rendered. <u>See</u> **Collins v. Mike's Trucking Co., Inc.**, 2005-0238 (La. App. 1st Cir. 5/5/06), 934 So.2d 827, 836, <u>writ denied</u>, 2006-1914 (La. 12/8/06) 943 So.2d 1094. <u>See also</u> Uniform Rules – Courts of Appeal, Rule 1-3.

Moreover, we note that the district court's November 16, 2020 judgment dismissed all of Ms. O'Connell's claims, and the dismissal was not limited to the claims brought under the specific policy at issue in this appeal. As such, given that we are remanding this matter without decision, we are required to set aside the referenced judgment that dismissed the entirety of Ms. O'Connell's claims against State Farm. See **Love**, 858 So.2d at 411.

## CONCLUSION

For the foregoing reasons, we vacate the November 16, 2020 judgment granting summary judgment in favor of State Farm Mutual Automobile Insurance Company. We also grant the movers' joint motion to remand this matter to the district court. All costs of this appeal are assessed equally between the parties.

**JUDGMENT VACATED; MOTION GRANTED; AND MATTER REMANDED.**