890 So.2d 727 (2004)
Joan DOE, et al, Plaintiff-Appellants
v.
Dennis DUNN, et al, Defendant-Appellees.
No. 39,179-CA.
Court of Appeal of Louisiana, Second Circuit.
December 22, 2004.
Rehearing Denied January 20, 2005.
*728 Joseph R. Keene, Harry T. Lemmon, Hunter W. Lundy, Lake Charles, Michael K. Prudhomme, for Appellants.
Charles G. Tutt, Shreveport, for Appellees, Dennis Randall "Denny" Duron, Frances Duron and State Farm Fire & Casualty Company.
Arthur R. Carmody, Jr., Shreveport, for Appellees, Denny Duron Evangelistic Association, Inc., GuideOne Insurance Company, Rick Berlin, John Booty and Assembly of God at Cedar Grove.
James C. McMichael, Jr., Shreveport, for Appellee, Dennis Dunn.
Lee H. Ayres, Shreveport, for Appellees, Evangel Christian Academy, Denny Duron Evangelistic Association, Inc., Assembly of God at Cedar Grove, Rick Berlin, John Booty and Argonaut Great Central Insurance Company.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
The plaintiffs, Tammy Joe Simmons, as tutrix for her minor children, Christen Davis and Courtney Davis, appeal summary judgments rendered in favor of the defendants, Frances Duron, Dennis Duron and State Farm Fire & Casualty Company ("State Farm"). For the following reasons, we affirm.

FACTS
Mitch and Tammy Joe Simmons moved to Shreveport in 1995 with their six children. Mitch was the step-father of Tammy's three oldest children, including Christen Davis and her twin sister Courtney Davis. The children enrolled in Evangel Christian Academy ("Evangel"). At that time, Dennis Dunn was the principal and football coach at Evangel and Frances Duron *729 was the headmistress at the school. Her son, Dennis Duron, was the pastor at First Assembly of God Church and an assistant football coach at Evangel.
Members of the Evangel staff frequently visited the Simmons home, which was located near the school. Some time in 1999, Dunn became aware of allegations that a female teacher at Evangel had made sexual advances toward Christen Davis. Dunn, who was married, became a friend and counselor to Christen and the two began to spend a significant amount of time together. According to Christen, who was 15 years old at the time, during the period of February 2000 to January 2001, Dunn made sexual advances toward her and they engaged in sex a number of times. Mitch and Tammy Simmons grew suspicious and questioned Christen and Dunn several times about their relationship.
On January 15, 2001, the Simmons confronted Dunn about his behavior with Christen. The Simmons stated that tape recorded phone conversations indicated an improper relationship between Dunn and their daughter. On January 16, 2001, Dunn visited the Simmons home to discuss the situation. During this meeting, Courtney Davis called 911 and was taken to the hospital for an anxiety attack. In April 2001, Mitch Simmons died. On May 18, 2001, Dunn was arrested by Texas police on charges related to his alleged sexual relationship with Christen. Those charges were later dismissed.
Subsequently, the plaintiffs, Christen Davis, Courtney Davis and Tammy Joe Simmons, as natural tutrix for her minor children[1], filed a petition for damages against the defendants, Dennis Dunn, Frances Duron, Dennis Duron, Denny Duron Evangelistic Association, Inc. ("Duron Evangelistic Association"), Assembly of God at Cedar Grove a/k/a First Assembly of God of Shreveport (the "church"), Evangel, John Booty and Rick Berlin. Plaintiffs alleged that Dunn used his influence as friend and counselor to seduce and sexually abuse the minor child, Christen. Plaintiffs further alleged that after learning of such conduct, Dennis Duron, as pastor of the church, conspired with Frances Duron, Booty and Berlin to conceal Dunn's improper conduct and that Evangel, the Duron Evangelistic Association and the church negligently failed to supervise Dunn.
The plaintiffs amended their petition to add as defendants State Farm, the Durons' insurer, GuideOne Insurance Company, the insurer for the Duron Evangelistic Association, and Argonaut Great Central Insurance Company, insurer for the church and Evangel. State Farm, Frances Duron, Dennis Duron, Berlin and Booty filed motions for summary judgment. An exception of no cause of action was filed on behalf of all defendants except Dunn.
After a hearing, the district court found that plaintiffs did not have a cause of action for punitive or exemplary damages against any defendant other than Dunn. In addition, the court found there was no evidence that Frances Duron, Dennis Duron, Booty or Berlin knew of Dunn's alleged improper conduct with the minor child until after it had ceased and thus, they did not have a duty to act under the facts of this case. The court concluded that dismissal of plaintiffs' claims meant that State Farm was not liable as the insurer and alternatively, that the "business *730 pursuits" exclusion clause of the insurance policy was applicable to exclude coverage. The district court rendered summary judgments in favor of Frances and Dennis Duron, Booty, Berlin and State Farm and granted the exception of no cause of action for all defendants except Dunn.
After filing an application for a supervisory writ with this court, the plaintiffs settled their claims with all defendants except State Farm and the Durons. Plaintiffs appeal the summary judgments rendered in favor of Frances Duron, Dennis Duron and their homeowners' insurer, State Farm.

DISCUSSION
In two assignments of error, the plaintiffs contend the district court erred in granting summary judgments in favor of Frances Duron and Dennis Duron. Plaintiffs argue that summary judgment was not appropriate because the district court failed to consider their claim of negligent infliction of emotional distress based upon the conduct of Frances and Dennis Duron after learning of the allegations of Dunn's improper relationship with Christen.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. However, if the mover will not bear the burden of proof at trial on the matter, the mover is not required to negate all essential elements of the adverse party's action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. The non-moving party must then produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
A plaintiff may recover for the unintentional or negligent infliction of emotional distress unaccompanied by physical injury. Moresi v. Dept. of Wildlife & Fisheries, 567 So.2d 1081 (La.1990); Succession of Harvey v. Dietzen, 97-2815 (La.App. 4th Cir.6/24/98), 716 So.2d 911. To assert a cause of action for negligent infliction of emotional distress, there must be proof that the defendant violated some legal duty owed to the plaintiff, who must also meet the heavy burden of proving outrageous conduct by the defendant. Succession of Harvey, supra. Thus, in this case, the plaintiffs were required to present evidence showing that the Durons owed them a duty which was breached by outrageous negligent conduct.
In opposition to the motions for summary judgment, Tammy Simmons submitted an affidavit stating that on January 15, 2001, Dunn admitted to a sexual relationship with her daughter, Christen. Simmons stated that at Dennis Duron's request, she burned tape recordings of telephone conversations between Dunn and Christen. Simmons said that Duron did not conduct any investigation of Christen's allegations against Dunn, but asked the Simmons to find a different church and school to attend. Simmons stated that in May 2002, she learned from a newspaper report that criminal charges against Dunn had been dropped and that the article quoted Dennis Duron's remarks from the pulpit comparing Dunn to *731 a biblical figure who had been falsely accused.
Christen Davis stated in her affidavit that after leaving Evangel in January 2001, she met regularly with Frances Duron for home schooling lessons. According to Christen, during these meetings Frances Duron continued to say that the events were not Christen's fault, but also insisted that nothing had ever really happened between Christen and Dunn. In her deposition, Christen stated that she never heard Dennis Duron tell anyone to burn or destroy the tapes of her phone conversations with Dunn. Christen complained that although Dennis Duron knew that Dunn had admitted to the improper sexual relationship, Duron said it did not happen. Christen stated that she never personally talked with Dennis Duron about her relationship with Dunn. Christen also said that she did not really discuss the matter involving Dunn with Frances Duron, who had told Christen that "nothing happened." Christen acknowledged that she never directly stated to Frances Duron that the relationship with Dunn had occurred and that in March 2001, she told police in Marshall, Texas that she and Dunn did not engage in sex.
Frances Duron stated in her deposition that after she learned of the allegations about Dunn, she was told by Christen that Dunn did not do anything wrong and that Christen's mother was preventing her from having friends. Duron stated that the school had relied on the police to investigate the allegations involving Dunn and that she believed the truth had been determined after Tammy Simmons and Christen denied the allegations to police in Marshall. Duron stated that she tutored Christen from January 2001 until May 2001, when Tammy Simmons withdrew all of her children from Evangel and stopped answering telephone calls.
The plaintiffs contend that the Durons' conduct was outrageous in trying to cover up Dunn's wrongdoing. Plaintiffs allege that during an unspecified number of tutoring sessions between January and May 2001, Frances Duron made the statement to Christen that "nothing happened." In addition, plaintiffs assert that Dennis Duron told the Simmons to destroy tape recorded phone conversations between Christen and Dunn and later preached in church that Dunn had been wrongly accused of improper conduct by Christen. However, the plaintiffs have not demonstrated that Frances Duron and Dennis Duron owed them a duty which was breached by this type of conduct.
Our review of this record indicates that the primary basis of plaintiffs' contention that the Durons subjected them to emotional distress is that on an unspecified number of occasions, Frances and Dennis Duron expressed either their disbelief of the allegations made by Christen or their support of Dunn. Based upon the evidence presented, the plaintiffs have failed to establish that Frances Duron and Dennis Duron owed a duty which was breached by their acts of expressing such views.
Even if we assumed for the purpose of argument that the Durons owed plaintiffs a duty, plaintiffs failed to produce factual support to satisfy their burden of proving outrageous conduct by the Durons. Plaintiffs contend Christen was particularly susceptible to mental distress because of her prior emotional problems and her family's situation after the death of Mitch Simmons.
However, as previously discussed, the complained of behavior by the Durons consisted of an unspecified number of isolated comments. In addition, the record shows that neither Frances nor Dennis Duron were in personal contact with the plaintiffs *732 after May 2001. Thus, plaintiffs did not present sufficient evidence to raise an issue of material fact with regard to whether the Durons' behavior was so extreme and of such duration as to constitute outrageous conduct.
After reviewing the entire record, we conclude that the plaintiffs failed to produce evidence to establish that the Durons owed a duty to plaintiffs. Consequently, we cannot say the district court erred in granting summary judgment in favor of Frances Duron and Dennis Duron and in dismissing plaintiffs' claims. Thus, State Farm is without liability under the homeowners' insurance policies issued to Frances and Dennis Duron and the district court correctly dismissed plaintiffs' claims against the insurer. The assignments of error lack merit. In reaching this conclusion, we pretermit a discussion regarding the availability of insurance coverage.
On appeal, plaintiffs filed a motion to "supplement" the record with the deposition testimony of Debbie Parker taken on April 28, 2004. Defendants filed an opposition to plaintiffs' motion and a motion to strike all references to the motion to supplement from appellants' brief and from the record on appeal. By order of August 19, 2004, this court referred both motions for consideration with the merits of the appeal. LSA-C.C.P. art. 2132 provides that a record on appeal that is incorrect or which omits a material part of the trial record may be corrected even after the record is submitted to the appellate court.
The plaintiffs' motion in this case does not concern the correction of an erroneous record or supplementation of a record which is deficient as to matters actually introduced into evidence in the district court. To receive the deposition offered would constitute the taking of new evidence in this matter. This court cannot consider evidence which was not part of the record before the district court in this case. White v. West Carroll Hospital, Inc., 613 So.2d 150 (La.1992). Accordingly, the plaintiffs' motion is denied. However, striking the references to the motion and the deposition is unnecessary. Upon review, we simply did not consider the single sentence and footnote referencing the deposition contained in the appellate brief. Thus, the motion to strike is denied.

CONCLUSION
For the foregoing reasons, the district court's summary judgments are affirmed. Costs of this appeal are assessed to appellants, Christen Davis, Courtney Davis and Tammy Simmons as natural tutrix for her minor children.
AFFIRMED.
GASKINS, J., concurs with reasons.
GASKINS, J., concurring.
The trial court granted summary judgment in favor of the Durons and their homeowner insurer, State Farm. By a settlement after this judgment, the Durons were released from personal liability except to the extent they had insurance coverage by State Farm.
Most of the allegations in this case center around the Durons' acts in their positions in the school and the church. State Farm excludes coverage for damages arising out of business pursuits. Therefore, there is no coverage under this policy for those supposed acts.
The State Farm policy also excludes damages for intentional acts. The plaintiffs must prove, to reverse the summary judgment ruling, that they could carry their burden of proving negligent infliction of mental anguish. Most of plaintiff's allegations should be categorized as intentional, therefore defeating insurance coverage. *733 I agree with the writer that if there are any of plaintiff's complaints that fit with the negligence coverage by the State Farm policy, the plaintiffs have failed to produce factual support sufficient to satisfy their evidentiary burden at trial.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, PEATROSS and LOLLEY, JJ.
Rehearing denied.
LOLLEY, J., would grant rehearing.
NOTES
[1] The district court denied Tammy Simmons' motion to protect her identity by filing the petition under the name of "Joan Doe." Additionally, after Christen and Courtney Davis reached the age of 18, the pleading was amended to identify them as plaintiffs in their own names.