NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1263

WILLIAM WESLEY GREGORY

VERSUS

NICOLE GREGORY

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 84,992, DIV. A
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Mitchel M. Evans, II
416 North Pine Street
DeRidder, LA 70634
(337) 462-5225
COUNSEL FOR DEFENDANT/APPELLANT:
    Nicole Gregory

E. Grey Burnes Talley
Post Office Box 650
Alexandria, La 71309
(318) 442-5231
COUNSEL FOR PLAINTIFF/APPELLEE:
    William Wesley Gregory

**PETERS, J.**

Nicole Gregory appeals the trial court judgment awarding her and William Wesley Gregory joint custody of their two children and naming Mr. Gregory as the domiciliary custodial parent. For the following reasons, we affirm the trial court's judgment in all respects.

## DISCUSSION OF THE RECORD

The Gregorys were married in Denmark on June 14, 1994. Two children were born of the marriage: Faith, born on September 20, 2002, and Hope, born on December 30, 2003. On June 7, 2011, Mr. Gregory filed a petition for divorce wherein he requested that he be designated domicilary parent in a joint custody arrangement.[1]

Despite having been personally served with notice of the July 11, 2011 custody rule hearing date, Mrs. Gregory made no appearance at the hearing.[2] Mr. Gregory was the only witness who testified, and, after completion of the evidence, the trial court entered an order of joint custody naming Mr. Gregory the domicilary custodian and awarding Mrs. Gregory specific visitation rights.

On July 25, 2011, Mrs. Gregory's attorney enrolled and filed a motion appealing the July 11, 2011 judgment. In her motion, Mrs. Gregory sought to designate the following as the appellate record:

> 1) All pleadings and accompanying exhibits in the above captioned matter [the divorce and custody decree]; as well as, all pleadings and exhibits contained in Civil Docket Number: 84,836 of Division 'C', as well as, Criminal Docket Number: 81,616; 2) The entire transcript of all Pre-Trial, as well as, all Trial Proceedings, along with all exhibits introduced in each proceeding; and, 3) All proffers of evidence introduced in each proceeding.

---

[1] Mr. Gregory also asked for other relief that is not at issue in this appeal.

[2] The hearing had been scheduled to begin at 9:00 a.m., but did not commence until 1:40 p.m. Mr. Gregory and his attorney were present in the courtroom that entire time.

In granting the appeal, the trial court struck out all of the proposed designated portions of the appellate record except "1) All pleadings and accompanying exhibits in the above captioned matter." In doing so, the trial court added a hand-written note to the order, stating:

> "Counsel can only designate for this appeal those parts of the record in this case, including any exhibits offered in this case. The stricken parts in the above paragraph were not ever offered into the record of this case. Counsel is seeking to introduce new evidence into the record as part of the appeal which is not permitted by law."

In her appeal, Mrs. Gregory raises two assignments of error:

1.    The Trial Court was manifestly erroneous in finding that Appellee had met his burden of proving his parental fitness as the domiciliary custodian in light of "pending" protective orders and criminal charges issued against Appellee two months prior to the custody hearing.

2.    The Trial Court failed to consider the evidence and exhibits contained in Civil Docket Number 84,836, as well as, Appellee's arrest record, as they relate to the court's determination of Appellee's parental fitness.

## OPINION

### *Assignment of Error Number One*

In considering Mrs. Gregory's first assignment of error, we note the presumption found in La.Civ.Code art. 132 that the parents shall be awarded joint custody. This presumption is tempered by the requirement that the trial court make an appropriate child custody determination considering the best interest of the children. La.Civ.Code art. 131. Still, the trial court's determination in child custody matters is entitled to great weight and the reviewing court will not disturb that determination in the absence of a clear showing of abuse of discretion. *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986).

The record before us that we can consider causes us to reach the conclusion that Mrs. Gregory has not established such a clear abuse of discretion. Her

2

primary argument is that the award of custody was improper considering the fact that Mr. Gregory faces pending charges of domestic abuse. However, this issue was addressed at the hearing on the rule, as Mr. Gregory admitted that he had been arrested on abuse charges and that the charges were pending. However, he denied having committed the acts of abuse. After hearing Mr. Gregory's testimony concerning the specific factual allegations of abuse, the trial court concluded that "I'm not convinced that it has happened that way so I'm not making any findings either of domestic violence which would preclude some of this that you're seeking based solely on these allegations in that protective order."

The trial court is in the best position to evaluate the testimony and credibility of witnesses in a custody matter. *Lemoine v. Lemoine*, 09-861 (La.App. 3 Cir. 12/16/09), 27 So.3d 1062. Given the trial court's superior position, and given the testimony present, we do not find that the trial court abused its great discretion in making this award of joint custody and naming Mr. Gregory as domiciliary custodian.

### *Assignment of Error Number Two and Mr. Gregory's Motion to Strike*

In her second assignment of error Mrs. Gregory asserts that the trial court erred in failing to take judicial notice of Mr. Gregory's arrest record and the evidence and exhibits in the Thirtieth Judicial District Civil Docket Number 84,836, wherein Mrs. Gregory had sought protection from abuse. Specifically, Mrs. Gregory asserts that the trial court erred in failing to *sua sponte* take judicial notice of these documents and asks this court to admit them into the appellate record for our review, or to remand the custody matter for the trial court to consider these records.

Since neither party requested that the court take judicial notice of another proceeding, it would not be mandatory, only permissible, for the trial court to take

judicial notice of that proceeding under either La.Code Evid. arts. 201(C) or 202(C). Given the dubious reliability of the records Mrs. Gregory wishes to have this court consider, which consist primarily of preliminary pleadings and procedure in still-pending matters, we do not find that the trial court erred in not exercising its discretion to take judicial notice thereof.

In an effort to bring the arrest record and other pending proceedings before us, Mrs. Gregory attached the various records to her brief. In his brief Mr. Gregory asks this court to strike those attachments, asserting that this is an attempt to introduce new evidence on appeal. We agree. Relying on documents not introduced into evidence in the trial court "would constitute the taking of evidence and the exercise of original jurisdiction" beyond this court's authority. *White v. West Carroll Hosp., Inc.*, 613 So.2d 150, 154 (La.1992). Accordingly, we strike those portions of Mrs. Gregory's brief and its attachments that attempt to introduce new evidence before this court.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment in all respects. We assess all costs of this appeal to Nicole Gregory.

**AFFIRMED.**

4